United States District Court
Southern District of Texas
FILED

FEB 17 2000

MICHAEL N. MILBY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SEAN W. b/n/f MARCIA W., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. C-00-068 |
| vs. § | |
| § | |
| CORPUS CHRISTI INDEPENDENT § | |
| SCHOOL DISTRICT, NUECES COUNTY, § | |
| AND SHERIFF LARRY OLIVAREZ § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### PARTIES

1. Plaintiff Sean W. is a resident of the City of Corpus Christi, Texas.

2. Defendant Corpus Christi Independent School District is a school district organized and existing under the laws of the State of Texas and may be served with process by serving the agent for service of process, the superintendent of the school district, Dr. Abelardo Saavedra, 801 Leopard St., P.O. Box 110, Corpus Christi, Texas 78403-0110.

3. Defendant Nueces County is a county organized and existing under the laws of the State of Texas and may be served with process by serving the agent for service of process, the county judge, Mr. Richard Borchard, 901 Leopard Street, Corpus Christi, Texas 78401.

4. Defendant Larry Olivarez is the sheriff for Nueces County and may be served with process by serving him at 901 Leopard Street, Corpus Christi, Texas 78401.

### JURISDICTION

5. This action arises under the Individuals with Disabilities in Education Act, the

Rehabilitation Act of 1973, the Americans with Disabilities Act, 42 U.S.C. § 1983, and this Court has subject matter jurisdiction under those statutes as well as 28 U.S.C. § 1331.

## VENUE

6. The venue of this action is properly placed in the Southern District of Texas, Corpus Christi Division.

## ADMINISTRATIVE PREREQUISITES

7. On or about May 20, 1999, Plaintiff Sean W. (hereinafter "Plaintiff") filed a Request for Special Education Due Process Hearing against Defendant Corpus Christi Independent School District pursuant to the Individuals with Disabilities in Education Act. In the Request, Plaintiff alleged that Defendant Corpus Christi Independent School District (hereinafter "School District"):

   a. failed to identify Plaintiff's disabilities and failed to provide adequate services including certified and trained staff and para-professionals to work with Plaintiff;

   b. denied participation to Plaintiff in field trips and extracurricular activities in violation of his state mandated Individualized Education Plan;

   c. as the result of an arrest on or about March 3, 1999, subjected Plaintiff, a minor child, to excessive force, false arrest, false confinement and a strip search, all of which constitute discriminatory discipline for conduct related to a disability; and

   d. failed to implement Plaintiff's state mandated Behavior Improvement Plan for the 1998-1999 school year.

8. Plaintiff is a twelve year old male with multiple disabilities. More specifically, Plaintiff suffers from Tourette's Syndrome, Obsessive Compulsive Disorder, Attention Deficit/Hyperactivity Disorder and Depression.

9. On November 18, 1999, Special Hearing Officer Stephen P. Webb filed a written decision granting in part and denying in part the relief Plaintiff sought in the Special Education Due Process Hearing. Attached hereto as Exhibit "A" and incorporated herein is a copy of the decision. Plaintiff has satisfied all administrative prerequisites and is therefore entitled to all remedies and damages provided by the IDEA.

## FAILURE TO PROVIDE SPECIAL EDUCATION SERVICES

10. Plaintiff is a twelve-year-old elementary student residing within the School District. Plaintiff is eligible for and currently receives special education services. The special education services provided by the School District to Plaintiff have been deficient in the following areas:

    a. failure to identify Plaintiff's disabilities;

    b. failure to provide adequate services including trained staff and para-professionals to work with Plaintiff;

    c. denial of participation in field trips and extracurricular activities in violation of Plaintiff's state mandated individualized education plan;

    d. as a result of the arrest on or about March 3, 1999, excessive force, false arrest, false confinement, and strip search; and

    d. failure to implement Plaintiff's state mandated behavior improvement plan for the 1998-1999 school year.

11. The School District's failure to provide adequate special education services constitutes discrimination on the basis of disability in violation of the federally protected rights of Plaintiff, including but not limited to the Individuals with Disabilities in Education Act, the Rehabilitation Act of 1973, and the Americans with Disabilities Act.

12. As a result of the School District's failure to provide adequate education services, Plaintiff has incurred damages for which the Individuals with Disabilities in Education Act, the Rehabilitation Act of 1973 and the Americans with Disabilities Act provide compensation. Plaintiff seeks a judgment for all equitable and injunctive relief as well as all damages provided by the Individuals with Disabilities in Education Act, the Rehabilitation Act of 1973 and the Americans with Disabilities Act including attorney's fees and expert witness fees.

## VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT RIGHTS

13. At all time pertinent to the facts recited herein, Defendant Larry Olivarez was the duly elected Sheriff of Nueces County, Texas. He is being sued in both his individual and official capacity. The Nueces County Sheriff is responsible for the operation of the Juvenile Justice Center. At all times mentioned in this complaint, Defendant Larry Olivarez was acting under color of law and color of his authority as the Nueces County Sheriff.

14. As a result of his arrest on or about March 3, 1999, Plaintiff was transferred to the Juvenile Justice Detention Center, which is operated by Defendant Nueces County (hereinafter "County"). While at the Juvenile Justice Detention Center and pursuant to a written policy of the County, Plaintiff was fully strip searched. The strip search of Plaintiff, conducted according to the written policy of the County, was an unnecessary and unreasonable search on search in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Defendant Olivarez knew or should have known that the strip search of Plaintiff violated his constitutional rights.

15. As a direct and proximate result of the strip search, Plaintiff suffered extreme humiliation and emotional distress, for which he is entitled to damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited

to appear and answer herein, and that at the trial of this cause, the Court grant a judgment against Defendants and direct Defendants to (a) properly identify Plaintiff's disabilities, (b) provide Plaintiff with adequate services including but not limited to trained staff and para-professionals, (c) allow Plaintiff to participate in activities in accordance with his Individualized Education Plan, (d) implement Plaintiff's Behavior Improvement Plan, and (e) discontinue further discrimination of Plaintiff on the basis of his disability; Plaintiffs further seeks compensatory and punitive damages, pre-judgment and post-judgment interest, attorney's fees, expert witness fees, costs of court, and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*Thomas S Balser*
Les Cassidy   *for Les Cassidy*
500 North Water Street  *with permission*
1020 Bank of America Center North
Corpus Christi, Texas 78471
(361) 887-2965 office
(361) 887-6521 fax
State Bar No. 03979270
Federal I.D. No. 5931

ATTORNEY FOR PLAINTIFF