IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 27 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| SEAN W. b/n/f MARCIA W., | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | C-00-068 |
| | § | |
| CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT, NUECES COUNTY, AND STEVE SCHWERIN, CHIEF PROBATION OFFICER, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NUECES COUNTY and STEVE SCHWERIN'S ANSWER TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COMES, NUECES COUNTY, TEXAS; STEVE SCHWERIN, CHIEF PROBATION OFFICER and files this their **ANSWER TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**.

I.

All averments of the Plaintiff's FIRST AMENDED Original Complaint and pleadings which are not expressly admitted are herein denied. Defendants make the following admissions and denials regarding allegations of the Plaintiff's First Amended Original Complaint:

### A. Admissions & Denials

1. Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a

belief as to the truth of plaintiff's allegations in paragraph 1.

2. Defendants, **NUECES COUNTY and STEVE SCHWERIN** admit the allegations contained in paragraph 2.

3. Defendants, **NUECES COUNTY and STEVE SCHWERIN** admit the allegations contained in paragraph 3.

4. Defendants, **NUECES COUNTY and STEVE SCHWERIN** admit the allegations contained in paragraph 4.

5. Defendants, **NUECES COUNTY and STEVE SCHWERIN,** deny the allegations in Paragraph 5 regarding jurisdiction since plaintiff has failed to allege a legally or factually viable claim based on violation or deprivation of any right secured by the United States Constitution or any law of the United States.

6. Defendants admit that if the court has jurisdiction in this case, venue is proper.

7. Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 7.

   a. Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 7a.

   b. Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are

>     without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 7b.
>
> c.  Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 7c.
>
> d.  Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 7d.

8.  Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 8.

9.  Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 9.

10. Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 10.

    a.  Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to

form a belief as to the truth of plaintiff's allegations in paragraph 10a.

b.  Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 10b.

c.  Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 10c.

d.  Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 10d.

d.  Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in the same paragraph numbered 10d.

11. Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 11.

12. Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in

paragraph 12.

13. Defendants, **NUECES COUNTY and STEVE SCHWERIN** admit the allegations contained in paragraph 13.

14. Defendants, **NUECES COUNTY and STEVE SCHWERIN,** admit to searching plaintiff upon entry to the Juvenile Justice Center's lockup facility. However, Defendants deny any violation of the Fourth and Fourteenth Amendments to the United States Constitution or Title 42 U.S.C. § 1983 as alleged in paragraph 14.

15. Defendants, **NUECES COUNTY and STEVE SCHWERIN,** are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 15.

## DEFENSIVE MATTERS

16. Defendants affirmatively assert they have full governmental immunity from suit and liability except only the extent of partial waiver of same given by the Texas Tort Claims Act. Defendants hereby plead and assert their claim to sovereign immunity.

17. Defendants affirmatively assert they have qualified immunity from liability under Title 42 U.S.C. § 1983 because they acted under the reasonable belief that their actions were within the scope of their official capacity and did not violate Sean W's rights. Defendants hereby plead qualified immunity.

18. Defendants affirmatively assert they have official immunity from liability because the within suit arises from the performance of their discretionary duties which were performed in good faith and defendants were acting within the scope of their authority. Defendants hereby plead official immunity.

19. The Court does not have jurisdiction over Plaintiff's claim based on the Texas Tort Claims Act (§101.002 et seq., <u>Texas Civil Practice & Remedies Code</u>) since §101.102 of the Act specifically states that "[a] suit under this chapter <u>shall</u> be brought <u>in state court</u> in the county in which the cause of action arose or a part of the cause of action arises." (Emphasis added.)

20. Nueces County is a government entity and a subdivision of the State of Texas. As such, Nueces County cannot be held vicariously liable under Title 42 U.S.C. § 1983 for the acts or omissions of employees or agents which are not pursuant to a custom, policy, or practice of the governmental entity. Plaintiff has not sufficiently alleged a custom, policy, or practice of Nueces County that would authorize, permit, or facilitate acts or omissions of employees or officials in violation of constitutional rights. Plaintiff's complaint

does not state an actionable claim and is inadequate since the complaint cannot be cast in broad, indefinite, or conclusory terms.

21. Plaintiff's allegations of violations of written policy's of Nueces County does not allege an actionable claim since violations of the entity's policy or procedure, local ordinance or state statute, unless the action otherwise constitutes a constitutional violation, does not constitute a constitutional deprivation for purposes of Title 42 U.S.C. § 1983.

22. No cause of action can be stated against **NUECES COUNTY** since the law recognizes that the failure to adopt policies to prevent constitutional violations does not result in a violation of constitutional right actionable under Title 42 U.S.C. § 1983.

23. No cause of action can be stated against **NUECES COUNTY** since the law recognizes that a single incident does not establish the existence of an unconstitutional policy that would permit an action under Title 42 U.S.C. § 1983 since it does not show a custom of which the entity should have been aware has been allowed to arise through widespread usage or acceptance and which causes a constitutional violation by its employees.

**ACCORDINGLY**, Defendants, **NUECES COUNTY and STEVE SCHWERIN** pray that Plaintiff's claims be found to be without merit, that

plaintiff take nothing, that this action be dismissed and Nueces County recover attorney's fees and costs of court and such other relief to which it may show itself entitled.

Respectfully submitted,
LAURA GARZA JIMENEZ
NUECES COUNTY ATTORNEY

BY: _____
Walter Bryan, Attorney In Charge
Texas Bar No. 03269600
Southern District Bar No. 10961
901 Leopard - Room 207
Corpus Christi TX 78401
Phone: (361) 888-0391
Facsimile: (361) 888-0577

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March, 2000, a true and correct copy of the foregoing was sent to:

Mr. Les Cassidy
Woolsey & Cassidy
1020 Bank America Center North
500 North Water Street
Corpus Christi Texas 78471
Telephone: 361-887-2965
Facsimile: 361-887-6521
VIA REGULAR MAIL

Linda Flores Resendez
Corpus Christi Independent School District
P.O. Box 110
Corpus Christi Texas 78403
Telephone: 361-886-9067
Facsimile: 361-844-0283
VIA REGULAR MAIL

_____
Walter Bryan, Assistant County Attorney

# VERIFICATION

**STATE OF TEXAS** §
**COUNTY OF NUECES** §

 BEFORE ME, the undersigned authority, on this date personally appeared **RICHARD M. BORCHARD**, in his capacity as Nueces County Judge, who by me being duly sworn, on oath, deposed and said that as Nueces County Judge he is the duly authorized agent of Nueces County, that he has read the above and foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**, and that every statement contained therein is true and correct to the best of his knowledge.

_____
Richard M. Borchard
Nueces County Judge

**SUBSCRIBED AND SWORN TO BEFORE ME**, the undersigned authority, under my hand and seal of office, on this the _27_ day of _March_, 2000.

_____
Notary Public
State of Texas

SANDRA B. SANTOS
MY COMMISSION EXPIRES
September 30, 2001