```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                           CORPUS CHRISTI DIVISION
```

United States District Court
Southern District of Texas
FILED

APR 11 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| SEAN W. b/n/f MARCIA W., | § | |
| | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | C-00-068 |
| | § | |
| CORPUS CHRISTI INDEPENDENT SCHOOL | § | |
| DISTRICT, NUECES COUNTY, AND | § | |
| STEVE SCHWERIN, CHIEF PROBATION | § | |
| OFFICER, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT NUECES COUNTY, TEXAS and STEVE SCHWERIN'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FOR PLAINTIFF'S FAILURE TO STATE A CLAIM AND NOTICE OF MOTION**

To:  Mr. Les Cassidy, Attorney at Law
     WOOLSEY and CASSIDY
     500 N. Water Street
     1020 Bank of America Center North
     Corpus Christi Texas 78471

A **MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM** was filed on behalf of defendants Nueces County, Texas and Steve Schwerin with the court on **April 10, 2000**. Defendants' motion is based on the attached memorandum of points and authorities.



```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                       CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| SEAN W. b/n/f MARCIA W., | § | |
| | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | C-00-068 |
| | § | |
| CORPUS CHRISTI INDEPENDENT SCHOOL | § | |
| DISTRICT, NUECES COUNTY, AND | § | |
| STEVE SCHWERIN, CHIEF PROBATION | § | |
| OFFICER, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT NUECES COUNTY, TEXAS and STEVE SCHWERIN'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FOR PLAINTIFF'S FAILURE TO STATE A CLAIM**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

    **NOW COMES**, NUECES COUNTY, TEXAS; STEVE SCHWERIN, CHIEF PROBATION OFFICER and files this their **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM**.

### A.    Introduction

1.    SEAN W. b/n/f MARCIA W. is the plaintiff. CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT, NUECES COUNTY, TEXAS AND STEVE SCHWERIN, CHIEF PROBATION OFFICER are the named defendants.

2.    Plaintiff sued defendants NUECES COUNTY, TEXAS and STEVE SCHWERIN, CHIEF PROBATION OFFICER (in his individual and official capacity) on the legal theories that these defendants violated plaintiff's Fourth and

Fourteenth Amendment rights.

3. In plaintiff's complaint, plaintiff did not state a claim against defendants NUECES COUNTY, TEXAS and STEVE SCHWERIN, CHIEF PROBATION OFFICER (in his individual and official capacity) upon which relief can be granted. Therefore, the court should dismiss plaintiff's suit.

### B. Argument

4. The court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint demonstrates, beyond doubt, that plaintiff cannot prove any set of facts that would entitle them to relief.[1]

5. In the complaint, plaintiff alleged that defendant Steve Schwerin is responsible for the operation of the Juvenile Justice Center and that while at the Juvenile Justice Detention Center, plaintiff was strip searched according to the written policy of the County. Plaintiff contends this search was unnecessary and unreasonable in violation of the "Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983."

---

[1] *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984); *Doe v. Hillsboro ISD*, 81 F.3d 1395, 1401-02 (5th Cir. 1996)

6. Plaintiff attempted to state a cause of action for violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983. Plaintiff, however, did not allege that Nueces County, Texas, itself, is the wrongdoer. The United States Supreme Court has concluded that a governmental entity cannot be held liable for the acts of its employees on the basis of an employer-employee relationship with an alleged tortfeasor. In other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory.[2]

7. A plaintiff can attach liability to the governmental entity only upon showing that an official policy or custom of the entity's final policymaker was the moving force in causing plaintiff to be subjected to a deprivation of a constitutional right.[3]

8. The same standard is required when a plaintiff sues an individual in his official capacity, because the suit against a defendant in his official capacity is tantamount to suit against the governmental entity with which the defendant is employed.[4]

9. Merely having a written strip search policy during the in-take procedure at a Juvenile Detention Center does

---

[2]*Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 112 S.Ct. 1061, 1066 (1992).

[3]*Monell v. Department of Social Serv.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035 (1978).

[4]*Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105 (1985).

not violate the "Fourth and Fourteenth Amendments...and 42 U.S.C. § 1983."

10. When a defendant is sued in his individual capacity, the plaintiff must demonstrate the defendant personally participated in the alleged deprivation of rights or that there was a causal connection between the defendant's actions and the constitutional violation.[5]

11. Plaintiff's complaint failed to allege that defendant Steve Schwerin personally participated in the alleged deprivation of Sean W's rights.

12. To be held liable where there is no personal participation, the defendant must have been a policymaker who implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[6]

13. Plaintiff's complaint fails to allege that defendant Steve Schwerin, implemented the strip search policy and that the policy is so deficient that the policy is a repudiation of Sean W's constitutional rights and that the policy was the moving force behind the alleged constitutional violation.

14. Therefore, even if plaintiff proves the facts alleged

---

[5]*Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983).

[6]*Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

in the complaint, he cannot prove the elements necessary to state a claim for violation of the Fourth and Fourteenth Amendment and 42 U.S.C. § 1983.

### C.     Conclusion

15. Because plaintiff did not state a claim upon which relief can be granted, the court should dismiss the suit against defendants Nueces County, Texas; and Steve Schwerin (in his individual and official capacity).

>           Respectfully submitted,
>           LAURA GARZA JIMENEZ
>           NUECES COUNTY ATTORNEY
>
> BY: _____/s/ Walter D. Bryan_____
>           Walter Bryan, Attorney In Charge
>           Texas Bar No. 03769600
>           Southern District Bar No. 10961
>           901 Leopard - Room 207
>           Corpus Christi TX 78401
>           Phone: (361) 888-0391
>           Facsimile: (361) 888-0577

## CERTIFICATE OF SERVICE

I hereby certify that on the <u>10th</u> day of April, 2000, a true and correct copy of the foregoing <u>DEFENDANT NUECES COUNTY, TEXAS and STEVE SCHWERIN'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM AND NOTICE OF MOTION</u> along with an <u>ORDER ON DEFENDANT, NUECES COUNTY TEXAS & STEVE SCHWERIN'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM</u> was sent to:

Mr. Les Cassidy
Woolsey & Cassidy
1020 Bank America Center North
500 North Water Street
Corpus Christi Texas 78471
Telephone: 361-887-2965
Facsimile: 361-887-6521
VIA FACSIMILE and REGULAR MAIL

Mr. John C. Holmgreen, Jr.
Gary, Thomasson, Hall & Marks
210 South Carancahua, Suite 500 P.O. Box 2888
Corpus Christi, Texas 78403-2888
Telephone: 361-884-1961
Facsimile: 361-889-5100
VIA FACSIMILE and REGULAR MAIL

_____
Walter Bryan, Assistant County Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SEAN W. b/n/f MARCIA W., | § § § | |
| Plaintiff | § § | CIVIL ACTION NO. |
| vs. | § § | C-00-068 |
| CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT, NUECES COUNTY, AND STEVE SCHWERIN, CHIEF PROBATION OFFICER, | § § § § § | |
| Defendants. | § | |

**ORDER ON DEFENDANT, NUECES COUNTY TEXAS & STEVE SCHWERIN'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM**

On _____, 2000, the court considered DEFENDANT, NUECES COUNTY TEXAS' & STEVE SCHWERIN'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM. After considering the motion and the response, the court: **GRANTS** this motion and dismisses plaintiff's suit against DEFENDANTS, NUECES COUNTY TEXAS & STEVE SCHWERIN.

SIGNED on _____, 2000.

_____
U.S. DISTRICT JUDGE

APPROVED & ENTRY REQUESTED:

_____
Walter Bryan, Assistant County Attorney