IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED
APR 13 2000
Michael N. Milby, Clerk

| | |
|---|---|
| SEAN W. b/n/f MARCIA W. | § |
| | § |
| VS. | § |
| | § C.A. NO. C-00-068 |
| CORPUS CHRISTI | § |
| INDEPENDENT SCHOOL DISTRICT, | § |
| NUECES COUNTY, AND STEVE | § |
| SCHWERIN, CHIEF PROBATION | § |
| OFFICER | § |

### PLAINTIFF'S APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

1. **Parties.** Parties to this Application are the Plaintiff, Sean W., and Defendants, Corpus Christi Independent School District, Nueces County, and Steve Schwerin, Chief Probation Officer.

2. **Jurisdiction.** This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. **Facts.** On March 3, 1999, Sean W., a minor, was arrested by school security personnel at the campus of Baker Middle School, within the Corpus Christi Independent School District [CCISD]. He was transported by the Corpus Christi Police Department to the Nueces County Juvenile Justice Center where he was subject to a strip search and visual body cavity examination by Defendant Nueces County. He was released within two hours and no further action was taken on the purported criminal offense. Prior to his arrest, the school district had implemented a Behavior Intervention Plan [BIP] as a result of his diagnosed disabilities,

387.100                                                                 Page 1

which include Tourette's Syndrome, obsessive-compulsive disorder, and ADHD hyperactivity. He was under medication for these impairments at the time of the arrest.

4. Prior to the 1998/1999, school year, the parents of Sean W. met with school personnel and prepared a BIP which acknowledged the student's disabilities. In the plan, it was stated that confrontation was an ineffective means of dealing with emotional outbursts of the child, and in the event of an emergency removal, the parents would be called to the school to remove the Plaintiff.

5. The Texas Education Code requires that school districts enter into a memorandum of understanding with local law enforcement agencies concerning communication and coordination of efforts between the school and such agencies. CCISD acknowledges that no such agreement has been prepared.

6. An informal arrangement between CCISD and the Corpus Christi Police Department was that students would not be transported to Juvenile Justice facilities from the campus unless they were arrested by CCISD.

7. The Nueces County Juvenile Justice Center has a policy in which all juveniles brought to its facility will be strip searched in the event that there is a possibility of them being alone. All juveniles are strip searched upon admission.

8. On the date of the arrest, the parents met the transporting police vehicle upon arrival with the Plaintiff at the Juvenile Justice Center. They were advised that they could not talk to the Plaintiff until he had been "processed." They were not

informed he would be subject to a "strip search." It was during this time that the student was subject to the strip search.

9. There was no basis to reasonably believe that Sean W. was carrying a weapon or contraband.

10. The charges against Sean W. were dismissed at the pre-screening detention, and he was released to his parents.

11. Plaintiff's causes of action against the school district and the County, in part, are based upon his 4th Amendment rights which prohibit unreasonable searches.

12. Plaintiff will suffer irreparable injury if Defendants are not enjoined through the pendency of this lawsuit against treating Plaintiff's symptomatic behaviors as criminal conduct subject to the County's policy of conducting strip searches on pre-screening detainees.

13. Plaintiff does not seek to enjoin the Defendants from the prosecution of criminal acts, nor the necessity of conducting strip searches in the event they have a reasonable belief that Plaintiff is carrying a weapon or illegal contraband.

14. There is substantial evidence that Plaintiff will prevail on the merits because the Plaintiff had a behavior intervention plan in place with the school district, and the Plaintiff was not charged with an offense. Defendant CCISD failed to abide by the BIP, and the County violated Plaintiff's civil rights against unreasonable searches.

15. Issuance of a permanent injunction is in the public's interest for the reason that it is important to preserve the 4th

Amendment rights of students with behavioral disabilities.

**16.** Plaintiff is willing to post bond in the amount the Court deems appropriate.

**17.** Plaintiff asks that the Court set the application for temporary injunction for hearing and after hearing the application, issue a preliminary injunction against Defendant.

**18. Prayer.** For the foregoing reasons, Plaintiff asks that the Court enter a preliminary injunction prohibiting the Defendants from conducting strip searches on the Plaintiff, from transporting the Plaintiff to the Nueces County Juvenile Justice Center for symptomatic behavior related to his disabilities, and that CCISD be directed to follow Plaintiff's BIP, and that this Court award any other relief that it deems appropriate.

**Respectfully submitted**

_____
**Les Cassidy**
State Bar No. 03979270
Federal ID No. 5931
1020 Bank of America Center North
500 N. Water Street
Corpus Christi, Texas 78471
361/887-2965 - Phone
361/887-6521 - Fax

**Attorney in Charge for Plaintiff**

OF COUNSEL:

Woolsey & Cassidy, P.C.
1020 Bank of America Center North
500 N. Water Street
Corpus Christi, Texas 78471
361/887-2965 - Phone
361/887-6521 - Fax

## Certificate of Consultation

Plaintiff's counsel was advised this 13th day of April, 2000, by telephone, that opposing counsel opposes this application.

_____
Les Cassidy

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was forwarded U.S. Mail, certified, return receipt requested, April 13, 2000, to:

Linda Flores Resendez
Corpus Christi ISD
P.O. Drawer 110
Corpus Christi, Texas  78403-0110

Walter Bryan
Nueces County Attorneys Office
901 Leopard, Room 206
Corpus Christi, Texas  78401

John C. Holmgreen, Jr.
Gary, Thomasson, Hall & Marks, P.C.
210 S. Carancahua
Corpus Christi, Texas  78403

_____
Les Cassidy

387.100                                                                 Page 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SEAN W. b/n/f MARCIA W. | § |
| | § |
| VS. | § |
| | § C.A. NO. C-00-068 |
| CORPUS CHRISTI | § |
| INDEPENDENT SCHOOL DISTRICT, | § |
| NUECES COUNTY, AND STEVE | § |
| SCHWERIN, CHIEF PROBATION | § |
| OFFICER | § |

**PRELIMINARY INJUNCTION**

The Court heard Plaintiff, Sean W.'s Application for Preliminary Injunction and Defendants' opposition to the application. The Court FINDS as follows:

1. Plaintiff will suffer irreparable injury, loss, or damage if he is subject to strip searches for behavior symptomatic to his disabilities.

2. The injury is irreparable because the mental trauma is not adequately remedied pecuniary damages.

3. There is a substantial likelihood Plaintiff will succeed on the merits.

For these reasons, the Court ORDERS that Defendants, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them be restrained from conducting strip searches on Plaintiff without reasonable suspicion that he is in possession of a weapon or contraband, and; that CCISD must follow the Plaintiff's Behavior Intervention Plan.

The Court further ORDERS that Plaintiff shall post a bond in the amount of $_____.

SIGNED on April _____, 2000.

_____
U.S. DISTRICT JUDGE

APPROVED AND ENTRY REQUESTED:

_____
Les Cassidy, Attorney for Plaintiff