United States District Court
Southern District of Texas
FILED

MAY 01 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SEAN W. b/n/f MARCIA W. | § | |
| | § | |
| VS. | § | |
| | § | C.A. NO. C-00-068 |
| CORPUS CHRISTI | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| NUECES COUNTY, AND STEVE | § | |
| SCHWERIN, CHIEF PROBATION | § | |
| OFFICER | § | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS NUECES COUNTY'S AND STEVE SCHWERIN'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

COMES NOW Sean W. b/n/f Marcia W., Plaintiffs, and respectfully file and submit this their response as follows:

1. Plaintiffs were not served with a separate motion to dismiss. For purposes of this response, Plaintiffs will respond as though the Defendants' motion is made in their supporting memorandum.

2. Plaintiffs assume that Defendants' motion is a motion to dismiss pursuant to Rule 12(b)6, for failure to state a claim upon which claim may be granted. It will additionally be assumed that motion relates to the defense of "qualified immunity."

3. **Claims Against Nueces County.**

The Plaintiffs' claims are based upon an unlawful strip

Page 1

33.

search. The Fifth Circuit has acknowledged that individuals have a right under the Fourth and Fourteenth Amendment against unreasonable strip searches of their persons. *Watt v. City of Richardson Police Department*, 849 F.2d 195, 196 (5th Cir. 1988).

4. Plaintiffs' claims against the County are not based upon respondeat superior or vicarious liability. Rather, they are based upon the <u>written and official policy</u> of the County which provides for the strip search of juveniles without regard to reasonable suspicion as to whether the individual is in possession of a weapon or contraband. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)(defining official policy); *Bennet v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984).

5. The written policy of Nueces County related to strip searches of juveniles has been produced as part of the Defendants' initial disclosures. A true and correct copy of this policy is attached hereto as Exhibit "1."

6. **Claims Against Steve Schwerin.**

Steve Schwerin has been sued in both his official and unofficial capacity. His liability in his official capacity is that of the "policy-maker" as a person in charge of the juvenile detention facility where the strip search was conducted. *Colle v. Brazos County*, 981 F.2d 237, 244 (5th Cir. 1993)(liability of sheriff as policy maker). The clearly established constitutional right violated is the right to be free from unreasonable searches and seizures, and the Fifth Circuit has long recognized the close scrutiny to be given to detainees searched pending bond or release.

Page 2

*Stewart v. Lubbock County*, 767 F.2d 153 (5th Cir. 1995), cert denied 475 U.S. 1066, 106 S.Ct. 1378 (1986). Additionally, Plaintiffs will show that it was the custom of the juvenile justice center to routinely conduct such strip searches on individuals who are brought in for a pre-detention screening. It is the written policy of conducting strip searches on juveniles, and the custom to search juvenile detainees, which creates the liability of Mr. Schwerin in his official capacity as the head of the juvenile justice center. Prior to filing suit against Steve Schwerin, the assistant county attorney was called to identify the person responsible for setting the policy regarding searches at the facility, and Mr. Schwerin's identity was disclosed. It is important to note that Defendant Schwerin does not deny in his motion to dismiss that he is the policy maker for the Juvenile Justice Department of the County.

7.  Defendant Schwerin's individual liability arises from his involvement in setting the policy for conducting strip searches on post-arrest detainees in the Nueces County Juvenile Justice Center. Steve Schwerin is individually liable because he was the person who established the policy of the County related to strip searches and that such searches are not based upon probable cause or reasonable suspicion.

8.  **Request to Replead.**

In the event this Court finds that Plaintiffs' allegations are not sufficient to overcome the qualified immunity defense raised by Defendants, then Plaintiffs will agree to replead

as this Court so orders. *Todd V. Hawk* 72 F.3 443, 445 (5th Cir. 1995); *Schultea v. Wood* 47 F.3 1427 (5th Cir. 1995).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants Motion to Dismiss be denied.

Respectfully submitted

WOOLSEY & CASSIDY, P.C.

_____ for Les Cassidy with permission
Les Cassidy
State Bar No. 03979270
Federal ID 5931
1020 NationsBank Center North
500 N. Water Street
Corpus Christi, Texas 78471
361/887-2965 - Phone
361/887-6521 - Fax

ATTORNEY FOR PLAINTIFF,
SEAN W. bnf MARCIA W.

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was forwarded May 1, 2000, as indicated below to:

Linda Flores Resendez          **U.S. Mail**
Corpus Christi ISD
P.O. Drawer 110
Corpus Christi, Texas  78403-0110

Walter Bryan                   **Certified U.S. Mail**
Nueces County Attorneys Office
901 Leopard, Room 206
Corpus Christi, Texas  78401

John C. Holmgreen, Jr.         **U.S. Mail**
Gary, Thomasson, Hall & Marks, P.C.
210 S. Carancahua
Corpus Christi, Texas  78403

_____
Les Cassidy
for Les Cassidy with permission

Page 4

G-10(6)

    b.    Strip searches are conducted

        1)    Any time that a new arrival enters the Center and is allowed to stay by their self. This includes a juvenile who has not been officially accepted, pending a decision from the pre-detention screener. Whether or not the juvenile is detained, prior to being left alone in a Holding Room a strip search must take place.

        2)    Upon return from any absences away from the Detention Center. Examples include Visitation Room, Courtroom, doctor's visit, Police Dept., etc.

        3)    When a juvenile is believed to be in possession of contraband, which is not found during a frisk search.

    c.    Procedures for a strip search

At all times strip searches are conducted with as much human dignity as possible, keeping in mind that this may be a traumatic and embarrassing situation for the juvenile, but it is done with everyone's safety in mind. Conversation often helps put the youth at ease.

        1)    Juveniles are searched only by members of the same sex.

        2)    When searching a new arrival, the search takes place in the Intake Shower Room with the audio monitor on. Staff member wears latex/rubber gloves.

        3)    The juvenile removes all clothing and gives it to the staff member to be checked as follows:

            a)    All seams, elastic areas, waist bands and cuffs are given careful check.

            b)    Collars, pockets, belt loops and flaps are carefully checked.

            c)    All sleeves and pant legs are completely unrolled and checked.

            d)    All socks are shook and checked by feel.

            e)    All shoes are slapped together hard to dislodge any materials inside, heels are checked for tightness and hollow sounds. Look and feel inside with hand. Shoes are bent to see if they are flexible and do not have any metal under the inner sole.

**EXHIBIT "1"**

G-10(7)

    f) Any clothes with inside lining are felt to ensure no materials are hidden inside. The juvenile is not allowed to touch their clothing until after the strip search is completed.

4) The juvenile faces the staff member with arms stretched upward and fingers spread turning so that their back is to the staff member. They should do a deep knee bend. They should then lift one foot at a time so that the bottom of each foot can be checked.

5) If a female is on her period, she is asked to remove the napkin/tampon which will be disposed of.

6) Have the juvenile run their hands through their hair.

7) Face juvenile and have the male lift his genitals; have female lift her breasts.

8) Instruct the juvenile to open their mouth wide for a check and then to raise their tongue for a check underneath.

9) After checking the juvenile's mouth, and without touching them, observe the nasal area and the ears for hidden objects.

10) If no contraband is found, the juvenile's clothing is returned at the completion of the search. If the juvenile is going to be admitted into detention, their personal clothing is tagged and placed in mesh laundry bag. Any contraband found is labeled and turned over to the police officer or Assistant Chief (refer to the policy on Controlled Substance).

11) The Intake Shower Room is searched thoroughly after the juvenile leaves.

12) No body cavities (searches inside the rectum or in the vaginal area) are conducted by detention staff. Body cavity searches can only be conducted by a licensed physician or a registered nurse with prior approval from the Assistant Chief.

G-10(8)

3. Body cavity searches

Only when there is probable cause to believe that weapons or contraband will be found is a body cavity search permitted. Such a search must be authorized by the Assistant Chief and must be performed only by medically trained professionals (for example, doctor or nurse).

C. Searching visitors

1. Visitors are required to leave packages, handbags, briefcases, and other large items in a locker.

2. The metal detector is used to screen visitors in an attempt to detect any weapons or contraband. Prior to using the detector, advise the visitor of the procedure, indicating that it is routine procedure. Ask them if they have any knives or metal objects in their pockets. If they surrender any such items, have them place them in a locker.

3. If the metal detector extirpates and the visitor denies having any metal objects, a frisk search by the same gender staff member may take place.

4. If weapons or contraband are found on a visitor after using the metal detector, admission to the facility is denied.

D. Facility searches

Comprehensive searches of the detention facility are performed by detention counselors on a daily basis on every shift. These searches are designed to uncover contraband, prevent escapes, maintain sanitary standards and eliminate fire and safety hazards. Every room search is documented in the room search log. The 11 to 7 shift searches the entire facility, just as the other two shifts, except for the sleeping rooms that are occupied.

1. Procedures for a room search

a. Searches are done systematically. There are many potential hiding places in a room, and if a search is not systematic, it will not be through.

b. Begin on the right hand side of the door and move around the room, inspecting the entire area, including the ceiling. Probe holes and tears in mattresses. Use the metal detector to scan the mattress and other non-metal areas in the bedroom. Check all light fixtures, cabinets, windows, sinks, toilets and any personal items or books in the room.

c. A room is left the way it was found, never in disorder. Residents' personal property is respected and not willfully discarded, broken or misplaced.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SEAN W. b/n/f MARCIA W. | § |
| | § |
| VS. | § |
| | § C.A. NO. C-00-068 |
| CORPUS CHRISTI | § |
| INDEPENDENT SCHOOL DISTRICT, | § |
| NUECES COUNTY, AND STEVE | § |
| SCHWERIN, CHIEF PROBATION | § |
| OFFICER | § |

### ORDER DENYING DEFENDANT NUECES COUNTY AND STEVE SCHWERIN'S MOTION TO DISMISS

BE IT REMEMBERED that on this day came on for consideration the motion to dismiss filed by Defendants Nueces County and Steve Schwerin. This Court having considered the same is of the opinion that said motion should be denied.

SO ORDERED.

Signed this _____ day of May, 2000.

_____
U.S. District Judge

Page 1