United States District Court
Southern District of Texas
FILED

NOV 07 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SEAN W. B/N/F MARCIA W. § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. C-00-068 |
| CORPUS CHRISTI INDEPENDENT § | |
| SCHOOL DISTRICT, NUECES COUNTY § | |
| AND SHERIFF LARRY OLIVAREZ § | |

### DEFENDANT'S MOTION TO STRIKE DAVID HIRSCHMAN, PH.D., AS AN EXPERT WITNESS OR TO LIMIT HIS TESTIMONY

TO THE HONORABLE JUDGE OF SAID COURT:

Corpus Christi Independent School District, a defendant, in support of this Motion, would show the following:

1. The subject matter of opinions to be expressed by David Hirschman, Ph.D., a licensed psychologist, do not meet the requirements of *Daubert v. Merrill-Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993), or the standards for scientific, technical, or other expertise under Fed. R. Evid. 702.

2. Dr. Hirschman has prepared "an assessment of how the staff at Baker Middle School had handled Sean and what effects, if any, their handling had on him." In his report of August 18, 2000 (Exhibit CCISD-MS-1) Dr. Hirschman expresses the opinion that the District's staff failed to follow Sean W.'s "Behavior Intervention

Plan." He expresses the opinion that the events of March, 1999, were "illegal and inappropriate." None of Dr. Hirschman's credentials qualify him to express these opinions.

3. Although Dr. Hirschman's credentials *may* qualify him to express an opinion about Sean W.'s psychological condition, the only opinion consistent with these credentials is that Sean W.'s "prognosis is guarded, but optimistic at this point." Even as to this opinion, Dr. Hirschman's report fails to describe any standard, test, or diagnostic procedure employed to reach this opinion.

4. Dr. Hirschman should not be permitted to express either opinions that are outside of his competence or those which are arguably within his competence, but as to which he can describe no basis.

WHEREFORE, PREMISES CONSIDERED, Corpus Christi Independent School District, a defendant, prays that its Motion be granted and that it have all other and further relief to which it may show, deem, or allege itself entitled.

Respectfully submitted,

_____
John C. Holmgreen, Jr.
Federal I.D. No. 299
State Bar No. 09913500
Attorney-in-Charge for Corpus Christi
Independent School District
P. O. Box 2888
Corpus Christi, Texas 78403
(512) 884-1961  FAX (512) 889-5100

OF COUNSEL:
GARY, THOMASSON, HALL & MARKS
Professional Corporation

## NOTICE OF MOTION

Please take notice that this Motion will be submitted to the District Court within not fewer than ten (10) days from service or by such other time as required by the expedient administration of justice.

_____
John C. Holmgreen, Jr.

## CERTIFICATE OF SERVICE

I certify that on November 6, 2000, a complete and correct copy of <u>Defendant's Motion to Strike David Hirschman, Ph.D., as an Expert Witness or to Limit His Testimony</u> was served on each party by delivery to the following attorney of record in the manner shown below:

**CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED:**

<u>Certified Mail, RRR No. P 924 999 399</u>
Mr. Les Cassidy
Woolsey & Cassidy
500 N. Water Street
1020 Bank of American Center North
Corpus Christi, TX 78471

<u>Certified Mail, RRR No. P 924 999 400</u>
Mr. Walter Bryan
Assistant County Attorney
901 Leopard St., Room 207
Second Floor, Nueces County Courthouse
Corpus Christi TX 78401-3680

_____
John C. Holmgreen, Jr.

*Exhibit CCISD-MS-1*

ClibPDF - www.fastio.com

# DAVID HIRSCHMAN, PH. D.
## LICENSED PSYCHOLOGIST #3405

SHORELINE TERRACE  
719 N. SHORELINE BLVD., SUITE 400  
CORPUS CHRISTI, TEXAS 78401

TELEPHONE (361) 887-5330  
FAX (361) 887-6163

August 18, 2000

RE: Sean West  
D.O.B. 7/27/86

TO WHOM IT MAY CONCERN:

Sean West a 14 year-old young man was brought in by his parents for a psychological evaluation. Specifically the parents wanted an assessment of how the staff at Baker Middle School had handled Sean and what effects, if any, their handling had on him.

Sean West suffers from the following disabilities: Tourette's Syndrome, Obsessive-Compulsive Disorder, and severe Attention Deficit Disorder with Hyperactivity. At the March 12, 1998 ARD meeting, Sean was assigned a Paraprofessional due to his physical aggressive behavior. At this time, a Behavior Intervention Plan was formulated, because this student was unable to follow the Student Code of Conduct. All staff members, including Sean's Paraprofessional, were to be familiar with and consistent in the implementation of the procedures outlined in the Behavior Intervention Plan for this student.

In reviewing all of the records, files, reports, letters, and documents from the time of the March 12, 1998 ARD meeting through the incident concerning the arrest of Sean West on March 3, 1999, it is quite clear that the staff involved in the implementation of the prescribed Behavior Intervention Plan failed to follow the procedures of the plan. Specifically, the staff failed to use the intervention options at the appropriate times. For example, the Paraprofessional would repeatedly badger, beat down, and in general harp and nag at Sean for all the behavioral manifestations of his disabilities, when his job was <u>only</u> to intervene **if Sean expressed physical aggressive behaviors**, according to the March 12, 1998 ARD recommendations and procedures. Instead, the Paraprofessional would interject himself into situations with Sean and become his disciplinarian and not allow Sean to access alternative options stated in his Behavior Intervention Plan: Sean to go to his counselor, nurse's office, CMC, Assistant Principal's office in order to calm down. Lastly, if all interventions failed the staff was to contact Sean's parents for an emergency removal as was written in the Behavior Intervention Plan; however, the school staff did not allow this option to take place.

The incident on March 3, 1999, included Sean being handcuffed, arrested, taken to Juvenile Detention, striped searched, finger-printed, booked and left in isolation without his glasses for approximately two (2) hours. The result of this illegal and inappropriate

event on the part of the Baker Middle School and the Juvenile Detention staffs was to cause a Post Traumatic Stress Disorder to Sean.

Sean has and continues to have recurrent and intrusive distressing recollections of the event. Sean displays intense psychological distress when he encounters people or places that resemble the traumatic event. For example, the CCISD security officer who handcuffed and manhandled Sean at Baker Middle School now works at King High School, where Sean now attends. In addition, Sean has had recurrent dreams and waking flashbacks of the traumatic event. Sean continues to be distrustful, angry, scared, and paranoid around school, police officers and in general people in authority. As a result of the trauma, he still tries to avoid thoughts and activities associated with the event.

To date, the counseling and evaluation costs for this patient are $1,275.00. It is my opinion that this young man needs to continue with counseling treatment and would benefit from it in order to come to a resolution in dealing with the traumatic events that happened to him. His prognosis is guarded, but optimistic at this point. The estimated time of psychotherapy services needed for Sean is approximately 1 to 2 times per week for 6 months to a full year at an hourly rate of $150.00 (One hundred fifty and no/100) per hour.

Finally, Sean has trouble concentrating and difficulty following or staying asleep.

Sincerely,

David Hirschman, PH.D.

# CURRICULUM VITAE

| | |
|---|---|
| Name: | David Hirschman, Ph.D. |
| Business Telephone: | (361)887-5330 |
| Home Address: | 33 Hewit Drive |
| | Corpus Christi, Texas 78404 |
| Date of Birth: | June 1, 1945 |
| Place of Birth: | New York, New York |
| Sex: | Male |
| Marital Status: | Married |

## EDUCATION

1962  Lafayette High School, Brooklyn, New York
1967  B.B.A., City College of New York
1978  Ph.D., University of Southern California

## LICENSURE

Texas Psychology PL#3405  Specialization: Clinical Psychology
California Psychology PL#7584  Specialization: Clinical Psychology
California Educational Psychologist #E854

## CREDENTIALS

California Pupil Personnel Services
California Administrative
California Learning Handicapped
California Secondary Teaching
California Community College Counselor
California Community College Teaching

## CERTIFICATES

ABPP Graduate Institute in Psychology Seminar; On Becoming an ABPP Diplomate
Systems of Multicultural Pluralistic Assessment
Reitan-Halstead Neurological Assessment

## PROFESSIONAL EXPERIENCE AND CLINICAL TRAINING

1987 – 2000    Psychotherapist; private practice; Corpus Christi, Texas. Specialty area – child Clinical Psychology. Services rendered include psychological assessments and evaluations, psycho-social/developmental histories, counseling, individual and family therapy,

CURRICULUM VITAE　　　　　　　　　　　　　　　　　　　　　　Page 2
David Hirschman, Ph.D.

|  |  |
|---|---|
| | behavior modification, and consultations with mental Health community. |
| 1986 – 1988 | Consultant Psychologist; Charter Hospital, Corpus Christi, Texas. Duties included evaluation of the Child and Adolescent units, along with providing recommendations to improve both the educational and mental health components of the program, evaluate staff, and provide direct support to the Medical Director. |
| 1982 – 1986 | Psychotherapist; private practice, West Los Angeles, California. Specialty area - Child Clinical Psychology. Services rendered included psychological assessments, And evaluations, psycho-social/developmental histories, Counseling, individual and group psychotherapy, family Therapy, behavior modification, and consultations with Mental health community. |
| 1979 – 1986 | Consultant Psychologist; Culver City School District, Culver City, California. Population predominantly ages 5 – 18. Duties included psychological evaluations, individual and group psychotherapy, family therapy, behavior modification, test construction (administration and interpretation), consultation with mental health community and private agencies for regular and special education students. |
| 1983 – 1985 | Psychologist; Care Unit Hospital, Los Angeles, California. Duties included inpatient and outpatient clinical services, including psychological evaluations and individual psychotherapy with adolescents and adults in drug and alcohol units. |
| 1980 – 1983 | Instructor; Culver City Adult School, Culver City, California. Classes included Stress Management-Relaxation Training, Parent Education for Special Education and Mentally Gifted, Sports Psychology, and Psychology of Dieting. |
| 1978 – 1980 | Clinical Director; Forte Foundation, Van Nuys, California. Duties included supervision of interns, psychological evaluation, individual, group, and family therapy. |
| 1978 – 1979 | Psychologist; Pasadena Unified School District, Pasadena, California. Duties included psychosocial/developmental histories, psychological evaluations, counseling, individual psychotherapy, behavior modification, and consultations with mental health community. |
| 1976 – 1978 | Psychologist; Pomono Unified School District, Pomona, California. Duties included psychological evaluations, counseling, individual psychotherapy, in-services, workshops, and consultations with private and community |

CURRICULUM VITAE                                Page 3
David Hirschman, Ph.D.

|  |  |
|---|---|
|  | mental health community. |
| 1975 – 1976 | Teacher; Los Angeles County – Secondary Level. Assignments included Special Education Students and Special Schools, Central Juvenile Hall, Camp Kilpatrick, Los Angeles, California. |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SEAN W. B/N/F MARCIA W. § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. C-00-068 |
| CORPUS CHRISTI INDEPENDENT § | |
| SCHOOL DISTRICT, NUECES COUNTY § | |
| AND SHERIFF LARRY OLIVAREZ § | |

### ORDER RULING UPON DEFENDANT'S MOTION TO STRIKE DAVID HIRSCHMAN, PH.D., AS AN EXPERT WITNESS OR TO LIMIT HIS TESTIMONY

Having heard and considered all things necessary for a ruling upon Defendant's Motion to Strike David Hirschman, Ph.D. as an Expert Witness or to Limit His Testimony, it is hereby ORDERED as follows:

1. That the Defendant's Motion to Strike David Hirschman, Ph.D., as an Expert Witness or to Limit His Testimony is GRANTED;

2. That David Hirschman, Ph.D., shall not be permitted to testify about his assessment of the manner in which the District's staff handled Sean W.; and

3. That David Hirschman, Ph.D., shall not be permitted to testify about any condition of Sean W. without first describing the standards, tests, and psychological bases for his opinions.

SIGNED on this the _____ day of _____, 2000.

_____
JUDGE PRESIDING