United States District Court
Southern District of Texas
FILED

**NOV 2 1 2000**

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SEAN W. b/n/f MARCIA W., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. C-00-068 |
| | § | |
| CORPUS CHRISTI INDEPENDENT | § | |
| SCHOOL DISTRICT, NUECES COUNTY, | § | |
| AND STEVE SCHWERIN, | § | |
| CHIEF PROBATION OFFICER | § | |
| Defendants. | § | |

## JOINT PRE-TRIAL ORDER

1.   **APPEARANCE OF COUNSEL.**

    1.   <u>Sean W. b/n/f Marcia W.</u>

        Mr. Les Cassidy
        Woolsey & Cassidy
        500 N. Water Street
        1020 Bank of American Center North
        Corpus Christi, TX 78471
        (361) 887-2965  FAX: (361) 887-6521
        State Bar No.: 03979270
        Southern District I.D. No.: 5931

    2.   <u>Corpus Christi Independent School District</u>

        Mr. John C. Holmgreen, Jr.
        P. O. Box 2888
        Corpus Christi, Texas  78403-2888
        (361) 884-1961  FAX (361) 889-5100
        State Bar No.: 09913500
        Southern District I.D. No.: 299

3.     Nueces County and Steve Schwerin in his official capacity

Mr. Walter Bryan
Assistant County Attorney
901 Leopard St., Room 207
Second Floor, Nueces County Courthouse
Corpus Christi TX 78401-3680
(361) 888-0391    FAX: (361) 888-0577
State Bar No.: 03269600

2.     **STATEMENT OF THE CASE.**  This is a civil lawsuit in which Marcia

W., one of the parents of Sean W., a Corpus Christi School District high school student, is suing

the School District and Nueces County for compensation for injuries that were suffered by her son

in March, 1999.  At that time, Sean W. was a "special education" student participating in the

"gifted and talented" program at the District's Baker Middle School.  Sean W. suffered from

psychological disorders that brought on spells of violent behavior and abusive language.  After

such a spell on March 3, 1999, the School District's police placed Sean W. under arrest.  He was

taken to Nueces County's Juvenile Detention Center, where he was "stripped searched" and, after

two hours, released to his parents.

3.     **JURISDICTION.**  This Court's jurisdiction over claims against the

School District arises from the Individuals With Disabilities in Education Act, 20 U.S.C.A.

§ 1400, et seq., (West 2000), the Americans With Disabilities Act, 42 U.S.C.A.  § 12101 (West

1995), and the Rehabilitation Act of 1973, 29 U.S.C.A. § 794 (West 1999).  This Court's

jurisdiction over claims against Nueces County arises from 42 U.S.C.A. § 1983 (West 1994) and

from 28 U.S.C.A. § 1331 (West 1993).

4.    **MOTIONS**.

1.    Plaintiff.  None

2.    Corpus Christi Independent School District.

(a) Corpus Christi Independent School District's First Motion for Separate Trial;

(b) Corpus Christi Independent School District's First Motion in Limine.

3.    Nueces County.

(a) Nueces County and Steve Schwerin in his official capacity's First Motion in Limine.

5.    **CONTENTIONS OF THE PARTIES**.

1.    Plaintiff.

(a)    The District failed to properly implement and follow an agreed Behavioral Intervention Plan (also known as BIP or BMP) for Sean W., and discriminated against him because of his disability related behaviors.

(b)    The County violated Sean W.'s constitutional rights by performing a strip search without just cause as to whether he was in possession of contraband or a weapon.

(c)    Plaintiff has been damaged as a result of the foregoing discrimination and violation of his rights.  Such damages include mental and physical trauma, personal injury, mental and physical pain and suffering, psychological trauma and counseling to cope with the foregoing injuries.  Plaintiff also seeks the recovery of attorney fees.

(d)     The parents of Sean W. have always taken an active role in working with the school to provide an education to Sean W. despite his disabilities. His disabilities are particularly difficult because they are behavior related. Sean W.'s parents have attended numerous ARD (Admission, Review, Dismissal) meetings with Sean W.'s school counselors and teachers in order to formulate and implement an appropriate individualized education plan. This process has always included a behavior intervention plan for dealing with Sean W.'s disabilities and his disability related behaviors.

(e)     In late 1998, during Sean W.'s 6th grade school year, Sean W.'s medications were being altered by his physicians because he was changing physically and mentally as an adolescent. It was a particularly difficult time. Because of this, Sean W. was appointed a paraprofessional to remain with him during the school year and to intervene only when necessary to control any aggressive behavior on Sean W.'s part.

(f)     It was known by the District that Sean W. does not react positively to direct confrontation. The BIP agreed to by all parties for that year's ARD, specifically provided that Sean W.'s behaviors not be managed in a confrontational manner.

(g)     On March 3, 1999, Sean W. was arrested for disability related behavior at the school. A security officer who had not been advised of Sean W.'s special education status, confronted Sean W. by grabbing him (despite knowledge from a previous incident of Sean W.'s likely reaction to pull away). Sean W. had been removed from the classroom through discussion by a teacher who was aware of his disabilities and knew how to handle him. However, when the situation was turned over to the police officer it immediately escalated and was completely mishandled. Sean W. was dragged down to the school office

where, instead of calling his parents to remove him from the school as provided by the BIP, his disability related behavior was treated as criminal conduct and a call was made to Corpus Christi Police Department to transport Sean W. to the Nueces County Juvenile Justice Center. At the Nueces County Juvenile Justice Center Sean W. was subject to an immediate strip search despite the fact that there was no belief or complaint that Sean W. was in possession of any weapon or contraband. He was then released to his parent, the charges were subsequently dismissed because the school had previously agreed to a behavioral intervention plan for this individual.

(h)     The strip search handled by the Nueces County officials was humiliating and traumatic. It was illegal and was performed without just cause.

(i)     As a result of the events stated above, Sean W. has become withdrawn and has reacted poorly. He has been receiving counseling with Dr. David Hirsch, for which the Plaintiffs seek compensation and future services.

(j)     Plaintiff is entitled to recover compensatory damages under the ADA, compensatory services under IDEA, compensatory damages for violation of his civil rights. Plaintiff also claims attorney fees from both parties.

2.     Corpus Christi Independent School District

(a)     The District has always provided Sean W. the free and appropriate public education to which he is entitled. Sean W. has not been excluded from participation in or denied the benefits of services, programs, or activities of the District or subjected to discrimination because of his psychological disorders.

(b)     During the 1998-1999 school year, Sean W. was a student

at the District's Baker Middle School, where his scholastic abilities entitled him to participate in the school's "gifted and talented" educational program. In this respect, he manifested intelligence and ability beyond the average student in the District. Nevertheless, he was burdened by psychological conditions that entitled him to the benefits of the Individuals With Disabilities in Education Act ("IDEA"). These psychological problems consisted of "Tourette's Syndrome" and "Attention Deficit Hyperactivity Disorder" ("ADHD"). These psychological conditions disposed him to loud and profane verbal outbreaks and to unpredictably violent and aggressive behavior toward his classmates.

(c)     As with other "special education" students, Sean W.'s educational benefits were prescribed by an Individual Education Plan ("IEP") arrived at by a committee appointed for that purpose under IDEA. In addition to the IEP, the District and Mrs. W. had established a "Behavior Modification Plan" ("BMP"). The BMP was intended to reward desirable behavior and discourage undesirable behavior that did not meet the Student Code of Conduct.

(d)     One of the benefits Sean W. received was the assignment of a "paraprofessional," Mr. Ben Rios, who accompanied Sean W. to all of his classes and school activities.

(e)     On March 3, 1999, Sean became embroiled in an argument with another student during classroom instruction. Two teachers persuaded Sean to leave the classroom itself, but his loud and disruptive behavior continued in the area outside the classroom. This caused Mr. Ben Rios to summon the campus policeman, Officer Mike DeLaGarza. Officer DeLaGarza was unable to persuade Sean W. to stop his disruptive behavior and, when he placed

his hand on Sean W.'s shoulder to lead him away from the classroom area, Sean W. struck at Officer DeLaGarza, despite the great physical disparity between them. Officer DeLaGarza then placed Sean W. under arrest, handcuffed him, and delivered him into the custody of the Corpus Christi Police Department.

(f)      Officer DeLaGarza's conduct was not disciplinary in nature, but taken under the District's guidelines for its law enforcement officers.

(g)      This incident occurred on Wednesday afternoon and Sean W. returned to class on the following Monday, March 8, 1999, having missed two full days of school. Neither during this two-day absence nor thereafter was Sean W.'s educational status altered. At all times since March 3, 1999, Sean W. has attended the same classes and received the same public education benefits as other students in addition to his special education benefits. At no time has Sean W. been placed in an "alternative education" program or status.

(h)      Officer DeLaGarza's arrest of Sean W. on March 3, 1999, was pursuant to legal authority. Officer DeLaGarza did not "falsely arrest" Sean W. The School District is immune from liability for Officer DeLaGarza's intentional action. Tex.Civ.Prac. & Rem. Code §§ 101.001(3), 101.051 (West 1999).

(i)      Sean W. is not entitled to benefits in addition to those prescribed in the Final Decision of the Special Hearing Officer, Hon. Stephen P. Webb, of November 10, 1999.

(j)      IDEA provides no basis to compensate Sean W. for tort claims.

(k)      Neither the ADA nor the Rehabilitation Act provide any

relief to Sean W. or Marcia W., as the District's conduct resulted from a law enforcement officer's arrest and did not arise from or result in any disciplinary action or cause Sean W. to miss ten or more days of his normal school activities.

(l)    Sean W. has failed to pursue the administrative remedies that are required before the assertion of his ADA and Rehabilitation Act claims.

3.    Nueces County.

(a)    Nueces County, Texas and Steve Schwerin in his official capacity did not violate Sean W.'s Fourth and Fourteenth Amendment rights under the United States Constitution.

6.    **ADMISSIONS OF FACT**.

1.    Sean W. was a full-time student at Corpus Christi Independent School District during the 1998-1999 school year and has remained so since.

2.    During this period, Sean W. has been a "special education" student entitled to a free and appropriate public education under IDEA.

3.    As a result of the incident of March 3, 1999, Sean W.'s educational status was not altered because of the incident.

4.    Corpus Christi Independent School District is a creature of public law and entitled to the protection of sovereign or governmental immunity from liability, except to the extent that the legislature has clearly and unambiguously waived that immunity, or as federal law otherwise provides.

5.    Officer DeLaGarza has at all relevant times been an employee of Corpus Christi Independent School District.

6.     On March 3, 1999, Sean W. was arrested and transported to the Nueces County Juvenile Detention Facility.

7.     **CONTESTED ISSUES OF FACT.**

1.     Whether the District denied Sean W. free and appropriate education.

2.     Whether the District excluded Sean W. from participation in or denied him the benefits of its services, programs, or activities, or has subjected him to discrimination because of his disability.

3.     Whether the District falsely imprisoned Sean W. on March 3, 1999, by arresting him without authority of law.

4.     Whether the County has denied Sean W.'s rights by performing a strip search.

5.     Whether the District and the County are required to prepare a memorandum of understanding concerning law enforcement matters.

6.     Whether the alleged "strip search" was an unnecessary and unreasonable search in violation of Sean W.'s Fourth and Fourteenth Amendment rights under the United States Constitution.

7.     Whether Steve Schwerin, in his official capacity as the Chief Probation Officer of Nueces County, Texas knew or should have known that the alleged "strip search" of Sean W. violated his constitutional rights.

8.      Whether Sean W. suffered extreme humiliation and emotional distress as a direct and proximate result of the alleged "strip search" for which he is entitled to damages.

9.      Whether Plaintiffs are entitled to attorney's fees after April 27, 2000 wherein pursuant to an agreement of the parties an Agreed Preliminary Injunction was entered by the Court.

## 8.   AGREED PROPOSITIONS OF LAW.

The following agreed propositions of law more specifically set forth below are admitted by the parties to the correct general statements of the law.

1.      Federal law controls Sean W.'s claims under IDEA, the ADA and the Rehabilitation Act.

2.      State law controls Sean W.'s common law claim of false imprisonment and any immunity defense asserted by the District.

3.      Sean W. may not recover tort damages under IDEA.

4.      The statute of limitations for a claim under 42 U.S.C. § 1983 is the period prescribed by state law for personal injury actions.

5.      Defendants must be 'deliberately indifferent' to the constitutional rights of citizens in order to be liable under section 1983.  *Moore v. Mahry*, 976 F2d 268, 269 (5th Cir. 1992).  Officials are not deliberately indifferent unless they know of and disregard an excessive risk to health and safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and they must also draw the inference.  *Farmer v. Brennan*, 114 S.Ct. 1970, 1979 (1994).

10

6. A governmental entity (Nueces County, Texas) cannot be held liable for the acts of its employees on the basis of an employer-employee relationship with an alleged tortfeasor. In other words, Nueces County, Texas cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Department of Social Serv.*, 436 U.S. 658, 690 (1978). This same standard is required when a plaintiff sues an individual defendant in his official capacity (Steve Schwerin), because the suit against a defendant in his official capacity is tantamount to suit against the governmental entity with which the defendant is employed. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

9. **CONTESTED PROPOSITIONS OF LAW.**

1. Plaintiff. The Texas Education Code requires that a school district police department and the law enforcement agencies with which it has overlapping jurisdiction shall enter into a memorandum of understanding that outlines reasonable communication and coordination efforts between the departments and the agencies. Tex. Ed. Code § 37.081 (West 1999).

2. Whether the ADA or Rehabilitation Act apply to law enforcement arrests.

(a) Plaintiff. This is not a valid "law enforcement" arrest because Sean W.'s behavior was disability related and the District's response was governed by an agreed "BIP" with Sean W.'s parents. This is a claim for discrimination for punishment to Sean W. as a result of his disability.

(b) School District. Neither the ADA nor § 504 apply to law

enforcement arrests. The Fifth Circuit has rejected the same claim that plaintiffs present here: that

the ADA requires a law enforcement officer to consider the disability of a person he is arresting.

*Hainze v. Richards*, 207 F.3d 795 (5th Cir. 2000). In *Hainze*, a relative of the plaintiff told the

county police that Mr. Hainze was mentally disabled, intoxicated, and might be bent upon "suicide

by cop." Rather than surrendering his knife, Mr. Hainze charged the arresting office, who shot

him twice. The Court's analysis began with the substantive provision of Title II of the ADA[1]:

that remedies are available to a plaintiff who is either excluded from participation in or denied the

benefits of the services, programs or activities of a public entity or otherwise subjected to

discrimination by any such entity. 42 U.S.C.A. § 12132 (West 1995). The Court found "some

disagreement" whether an arrest falls within Title II. Relying upon the rationale of *Gohier v.

Enright*, 186 F.3rd 1216 (10th Cir. 1999), the Court concluded that Mr. Hainze's claims were not

within Title II. The Court stated that,

> Specifically, Hainze alleges that [the arresting officer] never
> engaged him in conversation to calm him, never tried to give him
> space by backing away, never attempted to diffuse the situation,
> never tried to use less than deadly force, and never attempted to
> create any opportunities for the foregoing to occur. *Hainze, supra*
> at 800-801.

The Court reasoned that it was Hainze's own conduct in assaulting the officer that

denied him the benefits of the county's mental health programs and not the arresting officer's

conduct. 207 F.3d 801.

---

[1]        The Court observes that Section 504 claims were subsumed in Title II,
which was intended to cover all programs for state or local governments, regardless of the
receipt of federal financial assistance, and to work in the same manner as Section 504.
207 F.2d at 799, fn. 14-16.

Separately, the Court rejected Mr. Hainze's claim that the county failed reasonably to accommodate his disability by failing to adopt a policy protecting his well being "as a person with a mental illness in a mental health crisis situation, thus resulting in discriminatory treatment from [the] sheriff's deputies." *Id.* The Court found that Congress did not intend for the ADA to burden law enforcement authorities responsible for preserving public safety with the responsibility of accommodating disabled individuals. *Id.*

Police action resulting from conduct related to a special education student's disability violates neither § 504 nor Title II of the ADA. *New Caney (Tx) Independent School District,* 30 IDELR 903 (1999) (arrest of student for assault that did not result in removal for more than ten consecutive days is not a significant change in placement; *North Side Independent School District,* 28 IDELR 1118 (1998) (IDEA does not prohibit reporting of criminal conduct or impose procedural requirements as preconditions to reporting criminal conduct).

       1.     Whether the District is immune from suit and liability for false arrest.

       (a)     Plaintiff. There is no immunity if such conduct is discrimination under the ADA.

       (b)     School District. <u>The District is immune from suit and liability for intentional conduct</u>. The District is a creature of state law and is specifically excepted from the Texas Tort Claims Act's limited waiver of sovereign immunity, except as to motor vehicles. Tex. Civ. Prac. & Rem. Code §§ 101.021, 101.051 (West 1999). Further, the Act's limited waiver does not apply to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities." Tex.

Civ. Prac. & Rem. Code § 101.057 (West 1999). *Jones v. Houston Independent School District*,

979 Fed.2d 1004 (5th Cir. 1992). (HISD is immune from liability for libelous publication).

10.   **EXHIBITS**.

    1.     Plaintiff. Please see Plaintiff's Exhibit List attached hereto as

attachment 1.

    2.     School District. Please see Corpus Christi Independent School

District's Exhibit List, Exhibit CCISD-10.B, attachment 2 hereto.

    3.     Nueces County, attachment 3 hereto.

11.   **WITNESSES**.

    1.     Plaintiff.

        (1)     Sean W., Steve and Marcia W.
                 5966 Cinnamon Oaks Drive
                 Corpus Christi, Texas 78414
                 361/993-2646

                 Steve and Marcia W. may testify about Sean W.'s
                 disabilities, damages, reaction to treatment by the
                 Defendants. Sean W. may testify as to the events made the
                 basis of this suit.

        (2)     Dr. David Hirschman
                 719 N. Shoreline Blvd., Suite 400
                 Corpus Christi, Texas 78410
                 361/887-4990

                 Dr. Hirschman is a psychologist. He has treated Sean W.
                 he will testify as to the effect of the excessive punishment
                 and strip search inflicted on Sean W., Sean W.'s damages
                 and need for future counseling. He will also testify as to
                 Sean W.'s disabilities and their effect on his behavior. A
                 copy of his report has been provided to all parties.

(3)    Les Cassidy, Attorney at Law
Woolsey & Cassidy, P.C.
500 North Water Street
1020 Bank of America, North
Corpus Christi, Texas  78471
361/887-2965

Les Cassidy will testify as to the legal fees and expenses.
His hourly rate is $125.00 per hour.

(4)    Nora Garza, Assistant Principal
Baker Middle School
3445 Pecan
Corpus Christi, Texas 78411
361/878-1420

(5)    Dennis Williams, Assistant Principal
Baker Middle School
3445 Pecan
Corpus Christi, Texas 78411
361/878-1420

(6)    Kathy Bregenzer, Counselor
Baker Middle School
3445 Pecan
Corpus Christi, Texas 78411
361/878-1420

(7)    Marlo Bazan, Art Teacher
Baker Middle School
3445 Pecan
Corpus Christi, Texas 78411
361/878-1420

(8)    Sally Daly, History Teacher
Baker Middle School
3445 Pecan
Corpus Christi, Texas 78411
361/878-1420

(9)     Marty Godbout, Math Teacher
        Baker Middle School
        3445 Pecan
        Corpus Christi, Texas 78411
        361/878-1420

(10)    Ben Rios, Paraprofessional
        Baker Middle School
        3445 Pecan
        Corpus Christi, Texas 78411
        361/878-1420

(11)    Omar Salinas, Special Education Self-Contained Teacher
        Los Encinos Special Emphasis School
        1826 Frio
        Corpus Christi, Texas 78417
        361/878-1753

(12)    Robert J. Garcia, Director for Special Education Consultant
        Office of Special Education
        1530 Airline Road
        Corpus Christi, Texas 78412
        361/994-3503

(13)    Donna Dennis, Special Education Consultant
        Office of Special Education
        1530 Airline Road
        Corpus Christi, Texas 78412
        361/994-3509

(14)    Roseanne Doughty, Behavior Specialist
        Office of Special Education
        1530 Airline Road
        Corpus Christi, Texas 78412
        361/994-3517

(15)    Vicky Adler, Special Education Counselor
        Office of Special Education
        1530 Airline Road
        Corpus Christi, Texas 78412
        361/994-3550

(16)    Judy Bottum, Behavior Specialist
        Office of Special Education
        1530 Airline Road
        Corpus Christi, Texas 78412
        361/994-3517

(17)    Rose Nolan, Behavior Specialist
        Office of Special Education
        1530 Airline Road
        Corpus Christi, Texas 78412
        361/994-3517

(18)    Helen B. Green, Homebound Teacher
        Office of Special Education
        1530 Airline Road
        Corpus Christi, Texas 78412
        361/994-3500

(19)    Jay Leach, Special Education Teacher
        Office of Special Education
        1530 Airline Road
        Corpus Christi, Texas 78412
        361/994-3500

(20)    Dr. Adrian Haston, Associate School Psychologist
        Office of Psychological Services
        1530 Airline Road
        Corpus Christi, Texas 78412
        361/994-3587

(21)    Officer Mike Delagarza, C.C.I.S.D. Police Officer
        Baker Middle School
        3445 Pecan
        Corpus Christi, Texas 78411
        361/878-1420

(22)    Dr. Mario A. Quintanilla, M.D. Adult and Child Psychiatry
        5866 S. Staples, Suite 103
        Corpus Christi, Texas 78413
        361/993-4793

(23)   Jennifer H. Bridges, Juvenile Probation Officer
       Nueces County Juvenile Probation Dept.
       2310 Gollihar
       Corpus Christi, Texas 78415
       361/855-7303

We reserve the right to call other witnesses to rebut and cross-examine the testimony offered by Defendants.

2.   School District.

(1)   Bayview Hospital Records Custodian

      The custodian may authenticate the hosptal's records.

(2)   Ms. Marlo Bazan
      3141 Quail Springs, #11
      Corpus Christi, TX 78414
      993-0874

      Ms. Bazan will testify about her observations of Sean W. and the events of March 3, 1999.

(3)   Ms. Kathy Bregenzer
      202 Naples
      Corpus Christi, TX 78404
      882-2197

      Ms. Bregenzer was the Baker Middle School special education coordinator and will testify about Sean W.'s conduct and the School District's compliance with IDEA.

(4)   Mr. Michael DeLaGarza
      3105 Elderberry
      Corpus Christi, TX 78415
      854-6756

      Officer DeLaGarza will testify about his qualification as a District police officer, his law enforcement background, and the events of March 3, 1999.

(5)   Mr. Robert J. Garcia
      Special Education, CCISD
      994-3504

Mr. Garcia is the Director of Special Education with the School District and may testify about the District's special education programs as they concern Sean W.

(6)    Ms. Nora Garza
       5257 River Oaks
       Corpus Christi, TX 78413
       878-1420

       Ms. Garza was an assistant principal at Baker Middle School during the 1998-1999 school year and may testify about communications with Marcia W. and the District's administration of its special education program at Baker Middle School.

(7)    Dr. Adrian Hastings
       Corpus Christi Independent School District
       801 Leopard
       P. O. Drawer 110
       Corpus Christi, TX 78403-0110
       994-3587

       Dr. Hastings, who has not been specially retained by the District, may express opinions concerning Sean W.'s status as a special education student.

(8)    Mr. John C. Holmgreen, Jr.
       Gary, Thomasson, Hall & Marks
       Professional Corporation
       P. O. Box 2888
       Corpus Christi, Texas  78403-2888
       884-1961

       Mr. Holmgreen may express an opinion about attorneys' fees.

(9)    Ms. Joan Jansen
       75525 Gollihar
       Corpus Christi, TX 78412
       994-3511

(10)   Ms. Ellen Jones
       Substitute Teacher
       Baker Middle School
       878-1420

       Ms. Jones was the teacher in whose classroom the incident
       began on March 3, 1999, and will testify about the origin
       and course of the incident.

(11)   Ms. Terri Kuddes
       Content Mastery Center
       Baker Middle School
       878-1420

       Ms. Kuddes was in charge of Baker Middle School's
       Content Mastery Center, which Sean W. often attended at
       times that he could not attend his regular classes. Ms.
       Kuddes will testify to Sean W.'s performance there.

(12)   Mr. Robert Mounts
       1022 Brawner Parkway
       Corpus Christi, TX 78411
       994-5267

       Mr. (Coach) Mounts was responsible for the Baker Middle
       School football program, in which Sean W. participated
       and can testify about the circumstances of his participation
       and withdrawal from that program.

(13)   Dr. Rajeev Narang
       2601 Hospital Boulevard
       Corpus Christi, TX 78405
       884-2687

       Dr. Narang may testify about the conditions for which he
       has treated Sean W.

(14)   Mr. Alfred C. Ortiz
       450 Sun Belt Drive
       Corpus Christi, Texas 78408
       289-9247

Mr. Ortiz is chief of the District's policemen and has knowledge of their organization and assignment to duties.

(15)   Mr. Allen Parish
Assistant Principal
Carroll High School
5301 Weber Road
Corpus Christi, TX 78411
853-0151

Mr. Parish was an assistant principal at the Baker Middle School during the 1998-1999 school year and has knowledge of communications with Mrs. W. and Mr. W.

(16)   Dr. Mario A. Quintanilla, M.D.
5866 S. Staples
Corpus Christi, TX 78413

Dr. Quintanilla may testify about the conditions for which he has treated Sean W.

(17)   Ms. Darla Reid
6506 Downing Street
Corpus Christi, TX 78414
993-7665

Principal, Baker Middle School

Ms. Reid was principal of Baker Middle School during the 1998-1999 school year and has knowledge of Sean W.'s performance.

(18)   Mr. Ben Rios
P. O. Box 217
Portland, TX 78374
758-5983

Mr. Rios will testify about his role as Sean W.'s paraprofessional and the events of March 3, 1999.

(19)   Ms. Rebecca Sheldon
School Nurse
Baker Middle School
878-1420

Ms.  Sheldon was the nurse at Baker Middle School during
the 1998-1999 school year and has knowledge of Sean W.'s
conduct during that period, because of the amount of time
that Sean W.  spent in the school clinic.

(20)   Dr. John Villarreal, Ph.D.
Corpus Christi Independent School District
801 Leopard
P. O. Drawer 110
Corpus Christi, TX 78403-0110
994-3535

Dr. Villarreal, who has not been specially retained, may
express an opinion about Sean W.'s educational progress.

(21)   Mr. Dennis Williams
5757 Staples #515
Corpus Christi, TX 78404
993-4262
Tom Brown Middle School
878-1473

Mr. Dennis Williams has knowledge of Sean W.'s conduct
during the 1997-1998 school year.

3.   Nueces County.

(1)   Steve Schwerin
c/o Nueces County Attorney's Office, Mr. Walter D. Bryan
901 Leopard – Room 207
Corpus Christi, Texas  78401
361/888-0391

Mr. Schwerin is the Chief Probation Officer of Nueces
County.

(2)    Jay Raveling
c/o Nueces County Attorney's Office, Mr. Walter D. Bryan
901 Leopard – Room 207
Corpus Christi, Texas  78401
361/888-0391

Mr. Raveling is the Superintendent of Detention.

(3)    Jennifer Bridges
c/o Nueces County Attorney's Office, Mr. Walter D. Bryan
901 Leopard – Room 207
Corpus Christi, Texas  78401
361/888-0391

Ms. Bridges is a probation officer.

(4)    Curtis Johnson
c/o Nueces County Attorney's Office, Mr. Walter D. Bryan
901 Leopard – Room 207
Corpus Christi, Texas  78401
361/888-0391

Mr. Johnson is the detention officer/intake screener.

(5)    Walter Bryan
c/o Nueces County Attorney's Office, Mr. Walter D. Bryan
901 Leopard – Room 207
Corpus Christi, Texas  78401
361/888-0391

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known, this does not apply to rebuttal or impeachment witnesses.

11.    **SETTLEMENT**.  All settlement efforts have been exhausted, the case cannot be settled, and it will have to be tried.

12.    **TRIAL**.

1.    Probable length of trial: 3 days.

2.    Logistical problems, including availability of witnesses, out-of-state

people, bulky exhibits, and demonstrations.

13. **ATTACHMENTS**.

1. For a jury trial:

(a) Proposed questions for the voir dire examination.

1. Plaintiff. Please see Plaintiff's Proposed Voir Dire Questions attached hereto, as attachment 4.

2. School District. Please see Exhibit CCISD-14.A. (1) (ii), attachment 5.

3. Nueces County. Please see attachment 6.

2. Proposed charge, including instructions, definitions, and special interrogatories, with authority.

1. Plaintiff. Please see attachment 7.

2. School District. Please see Exhibit CCISD-14.A, (2) (ii), attachment 8.

3. Nueces County. Please see attachment 9.

SIGNED on this the _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

APPROVED:


_____          **11-21-00**
Les Cassidy                            Date
Woolsey & Cassidy, P.C.
500 N. Water Street
Corpus Christi, Texas  78471
(361) 887-2965  office
(361) 887-6521  fax
State Bar No.: 03979270
Federal I.D. No.: 5931
Attorney-in-Charge, Plaintiff


_____          **11-21-00**
John Holmgreen                         Date
210 S. Carancahua
Corpus Christi, Texas  78401
(361) 884-1961  office
(361) 889-5155  fax
State Bar No. 09913500
Federal I.D. No. 269
Attorney-in-Charge, Defendant
Corpus Christi Independent School District


_____          **11-21-00**
Walter Bryan                           Date
Nueces County Attorney's Office
901 Leopard
Corpus Christi, Texas 78401
(361) 888-0391 office
(361) 888-0577 fax
State Bar No.  03269600
Federal I.D. No. 10961
Attorney-in-Charge, Defendants Nueces County and Steve Schwerin

1

ClickPDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SEAN W. b/n/f MARCIA W. | § | C-00-068 |
| | § | CA/CR NO. |
| | § | |
| | § | HONORABLE JANIS GRAHAM JACK |
| | § | JUDGE |
| | § | |
| VS. | § | |
| | § | COURTROOM CLERK |
| CORPUS CHRISTI INDEPENDENT | § | |
| SCHOOL DISTRICT, NUECES COUNTY | § | COURT REPORTER |
| | § | |
| AND STEVE SCHERWIN, CHIEF | § | |
| | § | PROCEEDING |
| PROBATION OFFICER | § | |
| | § | |

EXHIBIT LIST OF Plaintiff

| NO. | DESCRIPTION | OFFR | OBJ | DATE ADMIT | N/ADMT |
|---|---|---|---|---|---|
| 1 | Hearing Officer's FINDINGS OF FACT | | | | |
| 2 | 3/12/98 ARD | | | | |
| 3 | 11/19/98 ARD | | | | |
| 4 | 1/20/99 ARD | | | | |
| 5 | 2/08/99 recommendation for removal/discipline | | | | |
| 6 | Ben Rios' Report | | | | |
| 7 | Mother's Letter | | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
~~CORPUS CHRISTI~~ DIVISION

| | | |
|---|---|---|
| SEAN W. b/n/f MARCIA W. | § | C-00-068 |
| | § | CA/CR NO. |
| | § | |
| | § | HONORABLE JAN JACK |
| | § | JUDGE |
| | § | JANIS GRAHAM JACK |
| VS. | § | |
| | § | COURTROOM CLERK |
| CORPUS CHRISTI INDEPENDENT | § | |
| SCHOOL DISTRICT, NUECES COUNTY | § | COURT REPORTER |
| | § | |
| AND STEVE SCHERWIN, CHIEF | § | |
| | § | PROCEEDING |
| PROBATION OFFICER | § | |
| | § | EXHIBIT LIST OF Plaintiff |

| NO. | DESCRIPTION | OFFR | OBJ | DATE ADMIT | N/ADMIT |
|---|---|---|---|---|---|
| 8 | De La Garza's Report | | | | |
| 9 | Ms. Bazan's Report | | | | |
| 10 | Arrest Charges Dissmissed | | | | |
| 11 | Ben Rios' Statement - Not trained | | | | |
| 12 | No M.O.U. | | | | |
| 13 | Dr. Mario Quintanilla's Letter | | | | |
| 14 | DR. Hirschman's report | | | | |
| 15 | Statement from School Personnel re arrest | | | | |
| | (Nora Garza notes re police call) | | | | |

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SEAN W. B/N/F MARCIA W. § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. C-00-068 |
| CORPUS CHRISTI INDEPENDENT § | |
| SCHOOL DISTRICT, NUECES COUNTY § | |
| AND SHERIFF LARRY OLIVAREZ § | |

## CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT'S EXHIBIT LIST

| CCISD'S EXHIBIT NO. | DESCRIPTION | OFFER (DATE) | OBJECT (DATE) | ADMIT (DATE) |
|---|---|---|---|---|
| 1 | Comprehensive Individual Assessment Eligibility Report: Counseling 8-22-97 (1 page) | | | |
| 2 | Three-Year Reevaluation Assessment Report 9-17-97 (8 pages) | | | |
| 3 | ARD/IEP Special Review 9-19-97 (18 pages) | | | |
| 4 | Admission, Review and Dismissal (ARD) Committee Meeting 3-12-98 (21 pages) | | | |
| 5 | ARD/IEP Special Review 3-25-98 (9 pages) | | | |
| 6 | ARD/IEP Special Review 5-4-98 (4 pages) | | | |
| 7 | ARD/IEP Special Review 9-19-98 (5 pages) | | | |
| 8 | ARD/IEP Special Review 11-19-98 (7 pages) | | | |
| 9 | Functional Behavioral Assessment/Brief ARD Form: Behavior Intervention Plan 1-20-99 (8 pages) | | | |

CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT'S EXHIBIT
LIST

| CCISD'S EXHIBIT NO. | DESCRIPTION | OFFER (DATE) | OBJECT (DATE) | ADMIT (DATE) |
|---|---|---|---|---|
| 10 | Report Card (6 pages) | | | |
| 11 | Texas Assessment of Academic Skills (2 pages) | | | |
| 12 | Attendance (1 page) | | | |
| 13 | Discipline (75 pages) | | | |
| 14 | Behavior Point Sheet (46 pages) | | | |
| 15 | Selected records from Bayview Hospital pertaining to Sean W. | | | |
| 16 | Decision of the Hearing Officer of November 18, 1999 | | | |
| 17 | CCISD Procedure FO (LOCAL) | | | |
| 18 | CCISD Procedure CKE (LOCAL), Security and Safety: Peace Officer | | | |
| 19 | | | | |
| 20 | | | | |
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |
| 26 | | | | |
| 27 | | | | |
| 28 | | | | |
| 29 | | | | |
| 30 | | | | |

CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT'S EXHIBIT LIST

2

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SEAN W. b/n/f MARCIA W., | § | |
| | § | |
| | § | |
| **Plaintiff** | § | **CIVIL ACTION NO.** |
| | § | |
| **vs.** | § | **C-00-068** |
| | § | |
| CORPUS CHRISTI INDEPENDENT SCHOOL | § | |
| DISTRICT, NUECES COUNTY, AND | § | |
| STEVE SCHWERIN, CHIEF PROBATION | § | |
| OFFICER, | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS NUECES COUNTY, TEXAS and STEVE SCHWERIN'S TRIAL EXHIBIT LIST

| DEF. NO. | MARKED | OBJECTED TO | ADMITTED | DESCRIPTION OF EXHIBIT | NO. OF PAGES |
|---|---|---|---|---|---|
| 1 | | | | Bayview Hospital Abstracting Attestation Statement | 1 |
| 2 | | | | Bayview Psychiatric Center Inpatient Record | 1 |
| 3 | | | | Columbia Bayview Psychiatric Center Physician Discharge Instructions | 1 |
| 4 | | | | Medication Flow Sheet (11-19-98 through 11-27-98) | 2 |
| 5 | | | | Physician Orders (11-19-98 through 11-28-98) | 11 |
| 6 | | | | Restraint and/or Seclusion Sheets | 2 |
| 7 | | | | Discharge Summary of Sean W. by Mario Quintanilla, M.D. | 3 |
| 8 | | | | Psychiatric Summary of Sean W. by Mario Quintanilla, M.D. | 3 |
| 9 | | | | Columbia Bayview Psychiatric Center Request for Consultation | 1 |

DEFENDANTS NUECES COUNTY, TEXAS
and STEVE SCHWERIN'S TRIAL EXHIBIT LIST

| DEF. NO. | MARKED | OBJECTED TO | ADMITTED | DESCRIPTION OF EXHIBIT | NO. OF PAGES |
|---|---|---|---|---|---|
| 10 | | | | History and Physical Examination of Sean W. by Rajeev Narang M.D. | 3 |
| 11 | | | | Psychiatric Consultation of Sean W. by Thelma Lopez-Lira, M.D. | 4 |
| 12 | | | | Section I of Interdisciplinary Assessment of Sean W. at Bayview Psychiatric Center (Assessment Date 11-19-98) | 7 |
| 13 | | | | Section II of Interdisciplinary Assessment of Sean W. at Bayview Psychiatric Center | 2 |
| 14 | | | | Section III of Interdisciplinary Assessment of Seaw W. at Bayview Psychiatric Center (Nursing Assessment) | 6 |
| 15 | | | | Section IV of Interdisciplinary Assessment of Seaw W. at Bayview Psychiatric Center (Social Work Assessment) | 4 |
| 16 | | | | Bayview Psychiatric Center Tuberculosis Screen | 1 |
| 17 | | | | Bayview Psychiatric Center Activity Therapy Assessment (11-21-98) | 1 |
| 18 | | | | Initial High Risk Assessment Sheet of Sean W. (11-19-98) | 1 |
| 19 | | | | Bayview Psychiatric Center Adolescent Chemical Dependency Consultation (11-23-98) | 5 |
| 20 | | | | Laboratory Mount Sheet (11-20-98) | 1 |
| 21 | | | | Miscellaneous Charge Mount Sheet | 1 |
| 22 | | | | Bayview Psychiatric Center Vital Signs Record | 1 |
| 23 | | | | Informed Consent Sheet | 1 |
| 24 | | | | Bayview Psychiatric Center Consent to Treatment with Psychoactive Medication (Antihypertensive) | 2 |
| 25 | | | | Bayview Psychiatric Center Consent to Treatment with Psychoactive Medication (Antipsychotic) | 2 |
| 26 | | | | Bayview Psychiatric Center Consent to Treatment with Psychoactive Medication (Resperidal) | 2 |

**DEFENDANTS NUECES COUNTY, TEXAS**
**and STEVE SCHWERIN'S TRIAL EXHIBIT LIST**

| DEF. NO. | MARKED | OBJECTED TO | ADMITTED | DESCRIPTION OF EXHIBIT | NO. OF PAGES |
|---|---|---|---|---|---|
| 27 | | | | Bayview Psychiatric Center Consent to Treatment with Psychoactive Medication (Anxiolytic) | 2 |
| 28 | | | | Bayview Psychiatric Center Consent to Treatment with Psychoactive Medication (Antidepressant) | 2 |
| 29 | | | | Informed Consent to Administer Medications (11-19-98) | 1 |
| 30 | | | | Consent to Treatment with Psychoactive Medication: Tenex | 2 |
| 31 | | | | Medication/Dosage Sheets | 9 |
| 32 | | | | Bayview Psychiatric Center Master Treatment Plan | 8 |
| 33 | | | | Bayview Psychiatric Center Treatment Plan Update | 3 |
| 34 | | | | Bayview Psychiatric Center Educational Assessment Summary | 1 |
| 35 | | | | Bayview Psychiatric Center Discharge Plan Flow Sheet | 1 |
| 36 | | | | Bayview Psychiatric Center Daily Progress Notes | 6 |
| 37 | | | | Time Out & Consequence Processing Sheet | 1 |
| 38 | | | | Bayview Psychiatric Center Daily Progress Notes | 1 |
| 39 | | | | Time Out & Consequence Processing Sheet | 1 |
| 40 | | | | Bayview Psychiatric Center Daily Progress Notes | 4 |
| 41 | | | | Daily Behavior Goal/Positive Feedback Group | 1 |
| 42 | | | | Bayview Psychiatric Center Daily Progress Notes | 11 |
| 43 | | | | Daily Behavior Goal/Positive Feedback Group | 1 |
| 44 | | | | Bayview Psychiatric Center Daily Progress Notes | 2 |
| 45 | | | | Time Out & Consequence Processing Sheet | 1 |
| 46 | | | | Bayview Psychiatric Center Daily Progress Notes | 2 |
| 47 | | | | Daily Behavior Goal/Positive Feedback Group | 1 |
| 48 | | | | Bayview Psychiatric Center Daily Progress Notes | 1 |

**DEFENDANTS NUECES COUNTY, TEXAS and STEVE SCHWERIN'S TRIAL EXHIBIT LIST**

| DEF. NO. | MARKED | OBJECTED TO | ADMITTED | DESCRIPTION OF EXHIBIT | NO. OF PAGES |
|---|---|---|---|---|---|
| 49 | | | | Recreation Therapy/Creative Expressive Arts Intervention | 2 |
| 50 | | | | Bayview Psychiatric Center Monitoring For Safety Sheets | 20 |
| 51 | | | | Bayview Psychiatric Center Nursing Discharge Summary | 2 |
| 52 | | | | Bayview Psychiatric Center Application for Voluntary Admission | 1 |
| 53 | | | | Bayview Psychiatric Center Authorization to Disclose Information to Third Parties | 1 |
| 54 | | | | Teen's Bill of Rights | 1 |
| 55 | | | | Patient's Bill of Rights | 1 |
| 56 | | | | Advance Directive Acknowledgment | 1 |
| 57 | | | | Bayview Psychiatric Center Valuables Inventory | 1 |
| 58 | | | | Bayview Psychiatric Center Visiting Parent/Guardian Release | 1 |
| 59 | | | | Bayview Psychiatric Center Patient Telephone and Visitation Authorization | 1 |
| 60 | | | | No Harm Contract | 2 |
| 61 | | | | Marcia W. Letter w/Drug Information | 1 |
| 62 | | | | Bayview Psychiatric Center Consent for the Release of Confidential Information | 1 |
| 63 | | | | Corpus Christi Independent School District Education Summary | 1 |
| 64 | | | | Corpus Christi Independent School District Consent for Release of Confidential Information | 3 |
| 65 | | | | Bayview Hospital ER/Outpatient Record (8-30-95) | 1 |
| 66 | | | | Bayview Hospital Application for Voluntary Admission (6-30-95) | 1 |
| 67 | | | | Bayview Hospital Authorization to Disclose Information to Third Parties | 1 |

**DEFENDANTS NUECES COUNTY, TEXAS
and STEVE SCHWERIN'S TRIAL EXHIBIT LIST**

| DEF. NO. | MARKED | OBJECTED TO | ADMITTED | DESCRIPTION OF EXHIBIT | NO. OF PAGES |
|---|---|---|---|---|---|
| 68 | | | | Patient's Bill of Rights | 1 |
| 69 | | | | Bayview Hospital Discharge Summary of Sean W. | 2 |
| 70 | | | | Section II: Physician Admitting Note/Preliminary Treatment Plan of Sean W. | 3 |
| 71 | | | | Bayview Hospital Progress Notes | 1 |
| 72 | | | | Bayview Hospital Request for Consultation | 1 |
| 73 | | | | Section IV Social Work Assessment | 4 |
| 74 | | | | Bayview Psychiatric Center Discharge Plan Flow Sheet | 1 |
| 75 | | | | Bayview Psychiatric Center Patient/Family Education Plan | 1 |
| 76 | | | | Discharge Summary of Sean W. | 1 |
| 77 | | | | Master Problem List | 2 |
| 78 | | | | Bayview Psychiatric Center Master Treatment Plan of Sean W. | 4 |
| 79 | | | | Treatment Plan Update of Sean W. | 2 |
| 80 | | | | Treatment Plan Update of Sean W. | 2 |
| 81 | | | | Physician's Order Sheet | 4 |
| 82 | | | | Progress Notes | 5 |
| 83 | | | | Restraint and Seclusion | 2 |
| 84 | | | | Progress Notes | 17 |
| 85 | | | | Section III: Nursing Assessment | 6 |
| 86 | | | | Nursing Discharge Summary | 1 |
| 87 | | | | Vital Signs Record | 1 |
| 88 | | | | Consent to Treatment with Psychoactive Medication (Mood Stabilizer) | 2 |

**DEFENDANTS NUECES COUNTY, TEXAS and STEVE SCHWERIN'S TRIAL EXHIBIT LIST**

| DEF. NO. | MARKED | OBJECTED TO | ADMITTED | DESCRIPTION OF EXHIBIT | NO. OF PAGES |
|---|---|---|---|---|---|
| 89 | | | | Consent to Treatment with Psychoactive Medication (Antidepressant) | 2 |
| 90 | | | | Informed Consent to Administer Medications | 1 |
| 91 | | | | Medication Flow Sheet | 8 |
| 92 | | | | Patient Information Form & Release of Liability | 1 |
| 93 | | | | Juvenile Probation Department Security & Control | 9 |
| 94 | | | | Juvenile Probation Department Shift Log | 1 |
| 95 | | | | Chapter 343: Standards for Juvenile Detention Facilities | 23 |
| 96 | | | | Nueces County Juvenile Face Sheet | 2 |
| 97 | | | | Nueces County Field Interview Report | 3 |
| 98 | | | | CCISD Police Services Offense Report | 5 |
| 99 | | | | Correspondence from Jennifer H. Bridges to Mr. & Mrs. W. | 1 |
| 100 | | | | Notice of Closing and Right to Petition For the Sealing of Files and Records | 1 |
| 101 | | | | Corpus Christi Independent School District Middle School Grade Report | 1 |
| 102 | | | | Conditions of Release from Detention | 1 |
| 103 | | | | Neurological Consultation Note OF Sean W. by Blake B. O'Lavin, M.D. | 3 |
| 104 | | | | Student I.E.P. of Sean W. (4-28-97) | 2 |
| 105 | | | | Student I.E.P. of Sean W. (3-12-98) | 2 |
| 106 | | | | Modification Plan | 1 |
| 107 | | | | (ARD) Committee Meeting (3-4-98) | 9 |
| 108 | | | | Corpus Christi Independent School District Behavior Management Plan | 2 |
| 109 | | | | ARD Minutes | 3 |

**DEFENDANTS NUECES COUNTY, TEXAS
and STEVE SCHWERIN'S TRIAL EXHIBIT LIST**

| DEF. NO. | MARKED | OBJECTED TO | ADMITTED | DESCRIPTION OF EXHIBIT | NO. OF PAGES |
|---|---|---|---|---|---|
| 110 | | | | Nueces County Juvenile Department Initial Needs Assessment | 1 |
| 111 | | | | Correspondence from Marcia W. to Arnold Saavedra | 5 |
| 112 | | | | Policy # G-10 | 8 |
| 113 | | | | Nueces County Juvenile Board Minutes | 4 |
| 114 | | | | Nurses Notes From Baker Middle School | |

Respectfully submitted,
LAURA GARZA JIMENEZ
NUECES COUNTY ATTORNEY
901 Leopard Street Room 207
Corpus Christi Texas 78401-3680
Telephone: (361) 888-0391
Facsimile: (361) 888-0577

By: _Walter Bryan_

Walter Bryan, Assistant County Attorney
Texas Bar No. 03269600
Southern District Bar No. 10961
Attorney for Defendants NUECES COUNTY
and STEVE SCHWERIN

**DEFENDANTS NUECES COUNTY, TEXAS
and STEVE SCHWERIN'S TRIAL EXHIBIT LIST**

## CERTIFICATE OF SERVICE

I hereby certify that on the _21st_ day of _November_____, 2000, a true and correct copy of the foregoing was sent to:

VIA HAND-DELIVERY
Woolsey & Cassidy
**ATTN: LES CASSIDY**
500 N. Water Street, 1020 Bank of America Center North
Corpus Christi, Texas 78471

VIA HAND-DELIVERY
Gary, Thomasson, Hall & Marks
**ATTN: JOHN C. HOLMGREEN, JR.**
P.O. Box 2888
Corpus Christi, Texas 78403

_____
Walter Bryan, Assistant County Attorney

**DEFENDANTS NUECES COUNTY, TEXAS
and STEVE SCHWERIN'S TRIAL EXHIBIT LIST**

4

CVisPDF – www.fineho.com

## PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

Plaintiff respectfully submits and requests the Court to ask the jury panel the following proposed voir dire questions:

(1) Have you ever been employed in Law Enforcement?  If so, please describe your job duties.

(2) Have you ever been employed as a teacher or administrator with any public or private school?  If so, please describe your job duties.

5

CutePDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

SEAN W. B/N/F MARCIA W.　　　　§
　　　　　　　　　　　　　　　　§
VS.　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§　　CIVIL ACTION NO. C-00-068
CORPUS CHRISTI INDEPENDENT　　§
SCHOOL DISTRICT, NUECES COUNTY§
AND SHERIFF LARRY OLIVAREZ　　§

CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT'S
PROPOSED VOIR DIRE QUESTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

　　　　Corpus Christi Independent School District, a defendant, proposes the

following questions be addressed to the veniremen:

　　　　1.　　Medical background.

　　　　　　　a.　　Has anyone worked in the field of psychological medicine or

　　　　　　　　　counseling?

　　　　　　　b.　　Does anyone have knowledge of the psychological condition

　　　　　　　　　known as Tourette's Syndrome?

　　　　　　　c.　　Does anyone have knowledge of the psychological condition

　　　　　　　　　known as Attention Deficit Hyperactivity Disorder or

　　　　　　　　　ADHD?

d.      Has anyone ever been diagnosed as having Tourette's

Syndrome or Attention Deficit Hyperactivity Disorder?

e.      Aside from psychology, does anyone have medical training or

knowledge greater than the ordinary person's?

2.    Special education experience

a.      Does anyone have a child or relative who has received or is

receiving special education benefits?

b.      Does anyone have a child whose classmate has received

special education benefits?

WHEREFORE, premises considered, Corpus Christi Independent School

District, a defendant, prays that the preceding questions be addressed to the veniremen

and that, additionally, this defendant have all other and further relief to which it may

show, deem, or allege itself entitled.

Respectfully submitted,

John C. Holmgreen, Jr.
Federal I.D. No. 299
State Bar No. 09913500
Attorney-in-Charge for Corpus Christi
Independent School District
P. O. Box 2888
Corpus Christi, Texas  78403
(512) 884-1961  FAX (512) 889-5100

OF COUNSEL:
GARY, THOMASSON, HALL & MARKS
Professional Corporation

## CERTIFICATE OF SERVICE

I certify that on November 6, 2000, a complete and correct copy of Corpus Christi Independent School District's Proposed Voir Dire Questions was served on each party by delivery to the following attorney of record in the manner indicated below:

**CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED:**

    Certified Mail, RRR No. P 924 999 399
    Mr. Les Cassidy
    Woolsey & Cassidy
    500 N. Water Street
    1020 Bank of American Center North
    Corpus Christi, TX 78471

    Certified Mail, RRR No. P 924 999 400
    Mr. Walter Bryan
    Assistant County Attorney
    901 Leopard St., Room 207
    Second Floor, Nueces County Courthouse
    Corpus Christi TX 78401-3680

                /s/

              John C. Holmgreen, Jr.

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SEAN W. b/n/f MARCIA W., | § | |
| | § | |
| | § | |
| **Plaintiff** | § | CIVIL ACTION NO. |
| | § | |
| **vs.** | § | C-00-068 |
| | § | |
| CORPUS CHRISTI INDEPENDENT SCHOOL | § | |
| DISTRICT, NUECES COUNTY, AND | § | |
| STEVE SCHWERIN, CHIEF PROBATION | § | |
| OFFICER, | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS NUECES COUNTY, TEXAS and STEVE SCHWERIN'S PROPOSED VOIR DIRE QUESTIONS

1.  Is there anyone on the panel who knows someone that has been diagnosed with any of the following disorders:

    a.   GILLES TOURETTE i.e. "Tourette's Syndrome"

    b.   Attention Deficit with Hyperactivity

    c.   Obsessive-Compulsive.

2.   Has anyone on the panel personally or anyone in your immediate family spent time at the Nueces County Juvenile Detention Center?

3.   Has anyone on the panel ever filed a complaint against a law enforcement officer?

4.   Has anyone on the panel ever been a party to a civil lawsuit? If so,

    a.   What type of lawsuit?

    b.   What was the final outcome of the lawsuit?

5.   As distinguished from a criminal prosecution, this trial is a civil suit for money

damages against my clients. A criminal prosecution cannot commence unless there is probable cause the Defendant has committed a crime for which he is charged. Anyone, however, can file a civil lawsuit whether or not there is any merit to their claims. Is there anyone here who feels that simply because a Plaintiff files a lawsuit, their case must have merit?

6.     The Plaintiff may sincerely believe that Nueces County or an employee of the County did something that was a violation of the law any you may feel sympathy or understanding; however, the judge will instruct you not to allow sympathy to enter into your determination. Is there anyone here unable to put aside sympathy in making their determination?

7.     The Court will instruct you concerning the nature of the legal rights which the Plaintiff has or does not have. The Court's view of the legal rights the Plaintiff has or does not have will be different from your views, Your job is to answer each issue with the instructions given to you, not simply decide who should win or lose. Can each of you promise to follow the law given to you by the judge? Is there anyone who cannot make that promise?

8.     Will you agree to base your decision on the evidence presented in Court and not on the arguments of the attorneys?

9.     During the course of a trial, attorneys occasionally make legal objections. This is part of the trial process. Can you agree that you would not hold that fact against my client if I, as the attorney  make objections which I think are necessary?

10.     The Plaintiff has the burden of proof. The Plaintiff therefore presents their testimony and witnesses first. Sometimes, first impressions may effect or

influence your judgment. In a trial, different persons have different information, memories, and additional facts. Therefore, you should listen to the evidence with an open mind to all of the evidence that is before your. Can each of you promise to do so?

11.  Is there anyone here, who for any reason, feel that he or she should not be a member of this jury? Is there anyone who has any feelings, whether mentioned or not, which would make you tend to favor the Plaintiffs or the Defendants?

Respectfully submitted,
LAURA GARZA JIMENEZ
NUECES COUNTY ATTORNEY
901 Leopard Street Room 207
Corpus Christi Texas 78401-3680
Telephone: (361) 888-0391
Facsimile: (361) 888-0577

By: _____
Walter Bryan, Assistant County Attorney
Texas Bar No. 03269600
Southern District Bar No. 10961
Attorney for Defendants NUECES COUNTY
and STEVE SCHWERIN

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____, 2000, a true and correct copy of the foregoing was sent to:

VIA HAND-DELIVERY
Woolsey & Cassidy
**ATTN: LES CASSIDY**
500 N. Water Street, 1020 Bank of America Center North
Corpus Christi, Texas 78471

VIA HAND-DELIVERY
Gary, Thomasson, Hall & Marks
**ATTN: JOHN C. HOLMGREEN, JR.**
P.O. Box 2888
Corpus Christi, Texas 78403

_____
Walter Bryan, Assistant County Attorney

7

ClubPDF - www.foxitsoftware.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

SEAN W. b/n/f MARCIA W.,               §
        Plaintiff,                  §
                                  §
                                  §
vs.                                    §       Civil Action No. C-00-068
                                  §
CORPUS CHRISTI INDEPENDENT            §
SCHOOL DISTRICT, NUECES COUNTY, §
AND STEVE SCHWERIN,                    §
CHIEF PROBATION OFFICER               §
Defendants.                            §

## PLAINTIFF'S PROPOSED CHARGE TO THE JURY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

      COMES NOW Plaintiff, Sean W. b/n/f Marcia W., and pursuant to Rule 51 of the

Federal Rules of Civil Procedure, submits this his Proposed Instructions, Definitions and

Special Interrogatories for the Court's consideration for submission to the jury.

                         Respectfully submitted,

                         WOOLSEY & CASSIDY, P.C.
                         500 N. Water Street
                         1020 Bank of America Center North
                         Corpus Christi, Texas 78471
                         (361) 887-2965  office
                         (361) 887-6521  fax

                         Les Cassidy
                         State Bar No.: 03979270
                         Federal I.D. No.: 5931

                         Attorney-in-Charge for Plaintiff,
                         Sean W. b/n/f Marcia W.

## INSTRUCTION NO. 1

### INTRODUCTION

Members of the jury:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Source: Pattern Jury Instructions – Civil Case (U.S. 5th Circuit District Judges Association, 1983 Ed.), Basic Instruction 1.

# INSTRUCTION NO. 2

## DUTY TO FOLLOW INSTRUCTIONS

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as is would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

Source: Pattern Jury Instructions – Civil Cases (U.S. 5th Circuit District Judges Association, 1983 Ed.), Basic Instruction 2B.

# INSTRUCTION NO. 3

## OPINIONS OF THE COURT

You are not bound by any opinions which you think I have about the facts in the case.  Determining the facts is hour exclusive prerogative and this Court has no desire to interfere with that determination.  If I have made any statement of comment, or if I have in any way led you to believe that I have any opinions about the facts of this case or feel a certain way about the credibility of any witness, you are instructed now to disregard it, as you are the fact finding are of the Court.

Source:   Generally, Federal Jury Practice and Instructions, Third Ed., Section 10.10.

## <u>INSTRUCTION NO. 4</u>

### CONSIDERATION OF THE EVIDENCE

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call you attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Source: Pattern Jury Instruction – Civil Cases (U.S. 5th Circuit District Judges Association, 983 Ed.), Basic Instruction 3B.

## INSTRUCTION NO. 5

### BURDEN OF PROOF

In a civil action such as this, each party asserting a claim, as hereafter described, has the burden of proving every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

Source: Pattern Jury Instructions – Civil Cases (U.S. 5th Circuit District Judges Association, 1983 Ed.), Basic Instruction 7B.

Source:  Generally, Pattern Jury Instructions – Civil Case (U.S. 5th Circuit District Judges Association, 1983 Ed.), Basic Instructions 8B and 9.

Under the Americans With Disabilities Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that the plaintiff has a disability, as I will define that term for you;

Second, that the plaintiff is a qualified individual, as I will define that term for you;

Third, that the defendant discriminated against plaintiff because of that disability; and

Fourth, that the plaintiff suffered damages as a direct result of that discrimination.

If the plaintiff has proven by a preponderance of the evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which plaintiff is entitled.  You should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on how to award damages.  It is your function to decide on liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

If you should find that the defendant is liable for discriminating against the plaintiff in violation of the ADA, then you have the discretion to award punitive damages in addition to compensatory damages.  The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example to deter others from committing similar acts in the future.  You may award punitive damages only if you find that the plaintiff has proved by a preponderance of the evidence that the defendant intentionally engaged in discriminatory actions with malice or with reckless indifference to the rights of the disabled.

It is entirely within your discretion as jurors to determine whether to award punitive damages if the elements I just described have been proven. However, keep in mind that punitive damages are not required to be awarded. Punitive damaged are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount; it must not reflect bias, prejudice or sympathy toward any party, but the amount can be as large you believe necessary to fulfill the purpose of punitive damages.

The purpose of damages is to award just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. Compensatory or actual damages seek to make the party whole – that is, to compensate the plaintiff for the damage that the plaintiff has suffered as a result of the defendant's discriminatory actions. Compensatory damages are not limited merely to expenses that the plaintiff has borne. Instead, compensatory damages should fairly and justly compensate the plaintiff for the financial loss he [or she] has suffered as a result of any discriminatory action by the employer, and any mental anguish suffered as a result of that conduct.

If you return a verdict in favor of the plaintiff, then you must award him [or her] such money as you believe will fairly and justly compensate the plaintiff for any loss sustained as a direct consequence of the conduct of the defendant. The damages you award must be fair and reasonable, neither inadequate nor excessive.

In addition to damages for loss of pay, a prevailing plaintiff in an ADA action is entitled to damages for the emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish the plaintiff has suffered as a result of defendant's conduct.

In this regard you should not award damages for speculative injuries, but only for those that the plaintiff actually suffered as a result of the defendant's conduct or which the plaintiff is reasonably likely to suffer in the near future.

You must also consider whether and to what extent the plaintiff's emotional anguish has been due to a condition that existed prior to (*e.g.,* the termination) or arose from events other than the actions of the employer.

1.     Do you find from the preponderance of the evidence that the defendant, Corpus Christi Independent School District, discriminated against the plaintiff through disciplinary action as a result of his disability related behavior?

ANSWER:     Yes     or     No

2.     Do you find that the Nueces County Juvenile Justice Detention Center and Steve Schwerin, acting in his official capacity conducted a strip search of Sean W. without reasonable suspicion that he was in possession of a weapon or contraband?

ANSWER:     Yes     or     No

3.     What amount of money, if awarded today, would fairly and reasonably compensate plaintiff for the damages incurred as a result of the injuries made the basis of this suit.  (answer in dollars and cents, if any.)

$_____

(page 10 omitted)

## INSTRUCTION NO. 8

### CONCLUSION

This concludes the charge of the court except for one final word.  You are reminded once again that you are obligated under oath as jurors to render a fair and just verdict in this lawsuit.  The jury deliberations in a court of law are very serious; there can be no room for bias, prejudice or sympathy favoring one party over another.  Neither are you to interject into your deliberations any personal experiences or convictions which you may think at the time would be helpful to the other jurors.  Your verdict must be based only upon the evidence heard from the witness stand, the stipulations and the exhibits which are also evidenced and are available for your examination in the jury room.  Review the testimony and records with care and conduct your proceedings in an orderly and businesslike manner.

Upon retiring to the jury room you should first select one of your number to act as your presiding juror who will preside over your deliberations and will be your spokesman here in court.  A form of verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to each, you will have the presiding juror fill in the appropriate answer.  At the end of your deliberations, the presiding juror should date and sign the form, and you will return with your verdict to the courtroom.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do

not hesitate to re-examine your own views or to change your opinion if you become convinced that it is erroneous.  However, do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans, you are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If during your deliberations you should desire to communicate with the court, please reduce your message or question to writing signed by the presiding juror, and pass the note to the marshall who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

Source:  Generally, Pattern Jury Instructions – Civil Case (U.S. 5th Circuit District Judges Association, 1983 Ed.), Basic Instructions 8B and 9.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

SEAN W. B/N/F MARCIA W.          §
                                 §
VS.                              §
                                 §   CIVIL ACTION NO. C-00-068
CORPUS CHRISTI INDEPENDENT       §
SCHOOL DISTRICT, NUECES COUNTY§
AND SHERIFF LARRY OLIVAREZ       §


DEFENDANT CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT'S
PROPOSED CHARGE OF THE COURT


MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions

and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it. In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as the exhibits which the Court has admitted into

evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations.[1]

### QUESTION NO. 1.

Did Sean W. receive a free and appropriate public education?

Answer:  "He did," or "He did not."

Answer: _____

---

[1]  *Fifth Circuit Pattern Jury Instructions, § 3.1.*

## QUESTION NO. 2.

Did Corpus Christi Independent School District exclude Sean W. from participation in or deny him the benefits of its services, programs or activities by reason of his disability?

Answer: "It did," or "It did not."

Answer: _____


## QUESTION NO. 3.

Did the District's arrest of Sean W. on  March 3, 1999,  result from its exercise of its responsibilities with regard to the application of State law to crimes committed  by a child with a disability?

"It did" or "It did not."

Answer: _____


_____
UNITED STATES DISTRICT JUDGE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into Court as our Verdict.

(To be signed by the Presiding Juror if unanimous)

_____

PRESIDING JUROR

(To be signed by those rendering the verdict, if not unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **SEAN W. b/n/f MARCIA W.,** | § | |
| | § | |
| | § | |
| **Plaintiff** | § | **CIVIL ACTION NO.** |
| | § | |
| **vs.** | § | **C-00-068** |
| | § | |
| **CORPUS CHRISTI INDEPENDENT SCHOOL** | § | |
| **DISTRICT, NUECES COUNTY, AND** | § | |
| **STEVE SCHWERIN, CHIEF PROBATION** | § | |
| **OFFICER,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS NUECES COUNTY, TEXAS and STEVE SCHWERIN'S**
**PROPOSED JURY CHARGE WITH SPECIAL INTERROGATORIES**

*1.1*

*PRELIMINARY INSTRUCTIONS*

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. [Do not take notes.]

[Alternate 1: You will need to rely on your memories.]

[Alternate 2: If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.] Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits [may] [will] be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court

immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.  [In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.]  [Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial.]

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

## 2.1

## FIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.  Do not read or listen to any news reports of the trial.  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to

give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

## 2.6

## PUBLICITY DURING TRIAL

If there is publicity about this trial, you must ignore it. You must decide this case only from the evidence presented in the trial. Do not read anything or listen to any TV or radio programs about the case.

## 2.7

## BENCH CONFERENCES AND RECESSES

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

## 2.11

## DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**2.12**

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you [this charge and] the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. [Return this charge together with your written answers to the questions.] Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

**2.14**

## CLEAR AND CONVINCING EVIDENCE

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

**2.19**

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it. In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

**2.20**

## BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

CIVPDF - www.fastio.com

**2.22**

## CAUTIONARY INSTRUCTION ON DAMAGES

You should not interpret the fact that I have given instructions about the plaintiff's

damages as an indication in any way that I believe that the plaintiff should, or should not, win

this case.

**2.23**

## DEPOSITION TESTIMONY

Certain testimony will now be presented to you through a deposition. A deposition is the

sworn, recorded answers to questions asked a witness in advance of the trial. Under some

circumstances, if a witness cannot be present to testify from the witness stand, that witness'

testimony may be presented, under oath, in the form of a deposition. Some time before this trial,

attorneys representing the parties in this case questioned this witness under oath. A court

reporter was present and recorded the testimony. The questions and answers will be read

(shown) to you today. This deposition testimony is entitled to the same consideration [and is to

be judged by you as to credibility] [and weighed and otherwise considered by you insofar as

possible in the same way] as if the witness had been present and had testified from the witness

stand in court.

**3.   GENERAL INSTRUCTIONS FOR CHARGE**

**3.1**

**General Instructions for Charge**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judge of facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case. After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produces them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not

necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all other evidence you believe that single witness.

In weighing the credibility of a witness you may consider the fact that he or she has previously been convicted of a felony. Such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you make take into account in determining the weight to give to his or her testimony.

There are two types of evidence that you may consider in properly finding the truth as to the facts in this case. One is direct evidence — such as testimony of an eyewitness. The other is indirect or circumstantial evidence — the proof of a chain of circumstances that indicates the

existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

I will now instruct you on the rules of law you are to follow in deciding the specific issues in this case.

### 42 USC SECTION 1983[1]

The plaintiff in this action claims that the Defendant, Steve Schwerin while acting "under color of state law", intentionally deprived the plaintiff of rights under the Constitution of the United States.

The plaintiff claims that Steve Schwerin, in his official capacity while acting under color of authority as the Chief Probation Officer of Nueces County, Texas, intentionally violated the plaintiff's constitutional rights. The constitutional rights that the plaintiff claims the Defendant violated are these:

1.      The right not to be deprived of liberty without due process of law; and

2.      The right not to be subjected to an unreasonable search.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violated his rights under the Constitution of the United States.

The plaintiff must prove each of the following by a preponderance of the evidence:

1.      That Steve Schwerin intentionally committed acts that violated one or more of the plaintiff's Federal constitutional rights that I have described to you;

_____

[1]Derived from 10.1 and 10.3  Civil Rights Fifth Circuit Pattern Jury Charges, (West, 1999).

2.   That in so doing Steve Schwerin acted "under color" of the authority of the State of Texas; and

3.   That Steve Schwerin's acts were the legal cause of plaintiff's damages.

In this case, the parties have stipulated (agreed) that Steve Schwerin as the Chief Probation Officer of Nueces County, Texas acted "under color" of state law and you must accept that fact as proven.

The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage plaintiff suffered. An act or failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a proximate cause of the damages plaintiff suffered. An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

The plaintiff claims that the County of Nueces, a county organized and existing under the laws of the State of Texas, is liable for the alleged constitutional deprivations. A county is liable for the deprivation of a constitutional right if the deprivation was pursuant to governmental custom, policy, ordinance, regulation or decision. Therefore, if you find that the plaintiff was injured as the proximate or legal result of Nueces County's policy, custom, ordinance, regulation or decision, whether made by its lawmakers or by those officials whose edicts or acts may fairly be said to represent official policy, the county itself will be responsible.

**15.2**

# COMPENSATORY DAMAGES

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. [Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the defendant's conduct.]

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. [Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.] You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

**15.3**

## CALCULATION OF PAST AND FUTURE DAMAGES

A. Damages Accrued

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

CutePDF - www.testio.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **SEAN W. b/n/f MARCIA W.,** | § | |
| | § | |
| | § | |
| **Plaintiff** | § | **CIVIL ACTION NO.** |
| | § | |
| **vs.** | § | **C-00-068** |
| | § | |
| **CORPUS CHRISTI INDEPENDENT SCHOOL** | § | |
| **DISTRICT, NUECES COUNTY, AND** | § | |
| **STEVE SCHWERIN, CHIEF PROBATION** | § | |
| **OFFICER,** | § | |
| | § | |
| **Defendants.** | § | |

## Defendant NUECES COUNTY, TEXAS and
## STEVE SCHWERIN, CHIEF PROBATION OFFICER'S
## VERDICT FORM

### SPECIAL INTERROGATORY NO. 1

1.   Do you find from a preponderance of the evidence that Steve Schwerin, in his
official capacity as the Chief Probation Officer of Nueces County, Texas violated
Sean W.'s rights by subjecting him an unreasonable search on March 3, 1999?

*Answer "yes" or "no".*

_____

*ANSWER*

*If you answered the previous special interrogatory "yes", then answer the
following special interrogatory. Otherwise, do not answer the following special
interrogatory.*

## SPECIAL INTERROGATORY NO. 2

2.     Do you find from a preponderance of the evidence that Steve Schwerin lacked a reasonable belief that his actions did not violate the constitutional rights of Sean W.?

*Answer "yes" or "no".*

*ANSWER* _____

*If you answered the previous special interrogatory "yes", then answer the following special interrogatory. Otherwise, do not answer the following special interrogatory.*

## SPECIAL INTERROGATORY NO. 3

3.    Do you find from a preponderance of the evidence that Steve Schwerin's conduct in subjecting Sean W. to a search was a cause-in-fact of plaintiff's injury(ies)?

*An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages.*

*Answer "yes" or "no".*

_____

### *ANSWER*

*If you answered the previous special interrogatory "yes", then answer the following special interrogatory. <u>Otherwise, do not answer the following special interrogatory.</u>*

## SPECIAL INTERROGATORY NO. 4

4.    Do you find from a preponderance of the evidence that Steve Schwerin's conduct in subjecting Sean W. to a search was the proximate cause of the plaintiff's injuries?

*An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.*

*Answer "yes" or "no".*

_____

*ANSWER*

*If you answered the previous special interrogatory "yes", then answer the following special interrogatory. Otherwise, do not answer the following special interrogatory.*

## <u>SPECIAL INTERROGATORY NO. 5</u>

5.  Do you find from a preponderance of the evidence that Nueces County, Texas is liable for depriving Sean W. of a constitutional right because of a governmental custom, policy, ordinance, regulation, or decision?

    *An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.*

    *Answer "yes" or "no".*

    _____

    *ANSWER*

    *If you answered the previous special interrogatory "yes", then answer the following special interrogatory. <u>Otherwise, do not answer the following special interrogatory.</u>*

## <u>SPECIAL INTERROGATORY NO. 6</u>

6.    What some of money, if paid now in cash, would compensate Sean W. for damages, if any, he sustained from the search on March 3, 1999?

*Answer in dollars and cents or "none".*

_____

*ANSWER*

_____    _____

Presiding Juror                           Date